## Commonwealth v. Miller, Appellant.

*Criminal law—Suspension of sentence—Discharge on probation —Rearrest and sentence—Act of June 19, 1911, P. L. 1055.*

Where a woman has been convicted of conducting herself as an idle and disorderly streetwalker, but sentence has been suspended

and the prisoner has been placed on probation under the provisions of the Act of June 19, 1911, P. L. 1055, she may be subsequently rearrested on a bench warrant and sentenced to the house of correction without the record of the second proceeding showing a formal adjudication that the defendant was guilty of being an idle and disorderly streetwalker. In such a case the court is merely imposing the sentence suspended by the court at the previous hearing at which time the question of her guilt had been adjudicated.

Argued March 15, 1916.    Appeal, No. 377, Oct. T., 1915, by defendant, from order of Municipal Court of Philadelphia, July T., 1915, No. 57, imposing sentence in case of Commonwealth v. Olga Miller.    Before OR-LADY, P. J., HENDERSON, KEPHART, TREXLER and WIL-LIAMS, JJ.    Affirmed.

Summary conviction on warrant charging defendant with conducting herself as an idle and disorderly street-walker.    Before GILPIN, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in imposing upon the defendant a sentence of nine months in the house of correction.

*William T. Connor,* with him *John R. K. Scott,* for appellant.—The record fails to show that at this hearing before Judge BROWN, the defendant was afforded a hearing, and there is no finding adjudging that she was guilty of any offense, that she had failed to comply with any order of the court, or that her conduct was in any way unlawful.    The record was insufficient: Com., ex rel., v. Perkins, 124 Pa. 36; Com. v. Gelbert, 170 Pa. 426; Com. v. Davison, 11 Pa. Superior Ct. 130; Com. v. Ayers, 17 Pa. Superior Ct. 352; Com. v. Divoskein, 49 Pa. Superior Ct. 614.

*Samuel P. Rotan,* District Attorney, and *Joseph H. Taulane,* Assistant District Attorney, for appellee.

OPINION BY WILLIAMS, J., July 18, 1916:

The record shows that the defendant was arrested July 27, 1915, on a warrant charging her with conducting herself as an idle and disorderly street walker. A hearing was had before GILPIN, J., of the Municipal Court, when the Commonwealth's witnesses and the defendant were heard. After hearing she was adjudged guilty as charged and was discharged on probation with a proviso that she return to her home in Wisconsin. On August 13, 1915, upon affidavit filed, a bench warrant issued and she was brought before BROWN, P. J., of the Municipal Court, August 16, 1915. After hearing in open court, defendant being present, the court said: "I will impose a sentence of nine months in the house of correction. I will have the doctors up there to ascertain her condition. Have her examined by Dr. Wanamaker."

In the docket entries (page 2, Appellant's Paper Book), there is this entry: "August 16, 1915. Present Hon. Charles L. Brown, defendant Olga Miller present, after hearing in open court the defendant is adjudged guilty of being a disorderly street walker and of a violation of the order of the court of July 27, 1915, discharging the defendant upon parole, etc. Same day defendant present the court ordered the defendant be committed to the custody and care of the managers of the house of correction employment and reformation for the period of nine months."

The appellant contends that there is nothing on the record to show that at the hearing before BROWN, P. J., the defendant was formally adjudged guilty of the offense of conducting herself as a disorderly street walker or that she had failed to comply with the order of the court. Numerous cases are cited to show that in a summary conviction the record must show the findings of fact and an adjudication of the guilt of the defendant. Most of the cases cited refer to magistrates' records and all of them were cases in which the offender was adjudged guilty and sentenced at the same time. In the

present case the defendant was found guilty by GILPIN, J., on July 27, 1915, who suspended sentence under the first section of the Act of June 19, 1911, P. L. 1055, which provides, inter alia: "the said court shall have power to suspend the imposing of the sentence, and place the defendant on probation for a definite period, on such terms and conditions as it may deem right and proper, such terms and conditions to be duly entered of record as part of the judgment of the court in such case."

The inherent right of a criminal court to suspend sentence has long been admitted, and in a similar case decided by this court before the passage of the Act of 1911, it was expressly held that under a suspended sentence the defendant may be called after the expiration of the term of a Court of Quarter Sessions and be sentenced: Com. v. Dunleavy, 16 Pa. Superior Ct. 380. This case also points out that "court" does not mean any particular judge of the court.

Section 4 of the Act of June 19, 1911, supra, provides that: "Whenever a person placed on probation, as aforesaid, shall violate the terms of his or her probation, he or she shall be subject to arrest in the same manner as in the case of an escaped convict; and shall be brought before the court which released him or her on probation, which court may thereupon pronounce upon such defendant such sentence as may be prescribed by law, to begin at such time as the court may direct."

It is apparent from the docket entries, which appear in the record before us, that the court did come to the conclusion that the defendant had been guilty of a second offense and of a breach of the condition of her probation. The court was not in error in committing the defendant in the manner shown, as the judge thereof was performing a function which rested in his discretion. We do not, however, hold that an abuse of such discretion is not reviewable. It was within the power of the court to impose such sentence under the Act of June 2, 1871, P. L. 1301, Sec. 3; and there was no necessity for a read-

judication that defendant was guilty of being an idle and disorderly street walker, for the court was merely imposing the sentence suspended by the court, July 27, 1915, at which time the question of her guilt had been adjudicated.

The assignments of error are overruled, the judgment is affirmed, and it is ordered that the defendant, appellant, appear in the court below at such time as she may be there called, and that she be by that court committed until she has complied with the sentence or any part thereof that has not been performed at the time this appeal was made a supersedeas.