ST. PAUL, J.
Appellant was charged with murder, convicted of manslaughter, and sentenced to imprisonment at hard labor for not less than eight nor more than ten years; with credit for time served pending trial, *53 etc., the punishment for manslaughter being a fine not exceeding $2,000 and imprisonment at hard labor “not exceeding twenty years.” R. S. 786.
The errors complained of are: (1) That the accused was not personally present at all stages of the trial; and (2) that he was sentenced by the successor of the judge before whom the trial was had, who was therefore not in a position to exercise the discretion necessary to fix the punishment, not having heard or read the evidence taken at the trial but not reported.
I.
[2] It appears that whilst the jury was withdrawn in order that the trial judge might hear and pass upon the admissibility of certain evidence offered by the accused and objected to by the state, and whilst counsel were arguing the point, the accused asked, and was permitted by the officer in charge to retire a moment to an adjoining room nominally for a necessary purpose; but the fact is the accused wanted only to smoke, and the officer, on perceiving this, at once brought the accused back into the courtroom. The evidence taken on the motion for a new trial shows that the accused was at no time out of sight and hearing of all that went on. The trial judge ruled that the evidence was admissible, the jury was recalled, and the trial proceeded with. We see no merit in this complaint.
II.
[1, 3] Counsel cite United States v. Meldrum (D. C.) 146 Fed. 390 (affirmed in 151 Fed. 177, 80 C. C. A. 545, 10 Ann. Cas. 324) as holding that—
“A succeeding judge cannot pronounce sentence'where there is no record which enables him to exercise a discretion to fix the punishment with intelligence.”
This appreciation of what that case holds ■cannot have been drawn from the case itself, except upon the theory that “inclusio unius est exclusio alteráis”; for the case as reported holds simply this, that both under a federal statute, and under the general law, a succeeding judge may grant or refuse a new trial, where the evidence in the case has been taken in writing (citing Life & Fire Insurance Co. v. Wilson, 8 Pet. 291, 8 L. Ed. 949); and that necessarily, if he may refuse a new trial, he may impose sentence. But the opposite of all this is not true.
For in People v. Bork, 96 N. Y. 196, it was held that for the purpose of fixing sentence the judge may inform himself outside of the record, even by affidavit or otherwise, citing People v. Taylor, 3 Denio (N. Y.) 96.
And we know as a fact that judges do constantly inform themselves outside of the record, before pronouncing sentence. The time-honored practice of asking the accused if he has anything to say why the sentence of the law should not be pronounced upon him may indeed appear mere matter of form; but the fact that the question is asked presumes the right of the accused to answer (Robert Emmett). Nor need his answer be confined to matters in the record; for that were idle.
But the truth is tnat this is all m favor of the accused, since the only result of the judge’s inquiry into matters outside of the record, and favorable to the accused though inadmissible on the question of guilt vel non, is to reduce the sentence which might otherwise be imposed.
Incidentally, it may be mentioned that in this case the judge who sentenced the defendant had actually presided at a former trial which resulted in a mistrial.
Decree.
The judgment appealed from is therefore affirmed.
Rehearing refused by the WHOLE COURT.