ST. PAUL, J.
On September 14, 1922, defendant was charged with having, on August 20th, violated the “age of consent” law (Act 84 of 1908, p. 103), the penalty wherefore is imprisonment “with or without hard labor, not exceeding five years.”
On November 7th of the following year (1923) he was tried and found guilty as charged, with recommendation by the jury that the court be “as lenient as possible.”
On November 9th he was sentenced to bo imprisoned in the state penitentiary for not less than ong nor more than two years.
This appeal brings up two bills of exception, as follows:
Bill of Exception No. 1.
[1] That the trial judge excluded evidence to the effect that, having married the prosecuting witness and lived with her seven months, and she having left him and returned to her parents’ home, he had repeatedly tendered suxiport for herself and child, and offered to live with her at any place, except under her parents’ roof.
The evidence was, of course, inadmissible, on the question of guilt or innocence, and was not offered upon that issue; it was ten *846 dered for the purpose of securing from the jury, if possible, a recommendation for a suspended sentence under Act 74 of 1914, p. 191.
But even for that purpose it was properly excluded. The statute says nothing of submitting to the jury any proof of good conduct, other than that the accused has not previously been convicted of some offense. The evidence of “general reputation,” under sections 2 and 7, of course, refers to the opinion which the community held of him before the „ commission of the alleged offense, not afterwards, for any opinion which the community may hold of him since the alleged commission of the offense would necessarily be dependent upon the general belief in his guilt or innocence of the particular offense charged.
[2] But the good conduct of an accused both before and since the alleged offense are matters of which the judge may inform himself, even outside the record, and of which he may take cognizance, as of any other circumstance, in fixing sentence. State v. Barret, 151 La. 52, 91 South. 543.
Bill of Exception No. 2.
The defendant having pleaded not guilty, the state put in evidence proof of his having fled. The defendant then tendered evidence to explain his flight, which evidence the trial judge excluded.
[3] We think this was error to the prejudice of the defendant. The flight having been proved, defendant had the undoubted right to explain the reason of it, and it is immaterial that in this case he seems to have been contending rather for a suspended sentence than for an acquittal. In either case an unexplained flight must have prejudiced him before the jury far more than had he been permitted .to show (if he could) that there were other reasons therefor than a mere wish to escape the consequences of his alleged offense.
Decree.
The verdict and sentence herein are there^ fore set aside, and the case is now remanded for a new trial according to law.