OVERTON, J.
 

 The defendant was convicted on an indictment for cattle stealing, and was duly sentenced. His hope for a reversal rests, in reality, on one bill of exception.
 

 That bill discloses that the court, the state objecting to the evidence, refused to permit the defendant to show by his witnesses that he was an epileptic and readily amenable to suggestions and to undue influences. The question was not asked to show that-the defendant was insane, for his sanity was, through his counsel, expressly conceded, but was asked for the sole purpose of affording the jury ground to recommend to the court a suspension of sentence, in the event they should find the accused guilty.
 

 Article 530 of the Code of Criminal Procedure provides that the jury may recommend to the court in their verdict a suspended sentence, under certain circumstances, and with certain exceptions. The article reads as follows:
 

 “When there is a conviction of any felony in the District Court of this state, except murder, rape, perjury, burglary of a dwelling, robbery, arson, incest, bigamy, abortion and assault with intent to rape, the court may suspend the sentence when the jury shall find in their verdict that the defendant has never before been convicted of a felony in this state or any other state and shall recommend that the sentence be suspended.”
 

 Article 531 of the same Code provides for the offering of testimony to obtain a suspension of sentence, and reads, so far as pertinent, as follows:
 

 “The court shall permit testimony and submit the question in all felony trials, where there may be a conviction of any crime other than set out in Article 530 hereof, as to the general reputation of the defendant, to enable the jury to determine whether to recommend a suspension of sentence and as to "whether the defendant has been convicted of a felony, but such testimony shall be submitted only upon the request of the defendant, provided that in all such cases sentence may be suspended if the jury recommends it in their verdict. * * * ”
 

 The evidence, excluded by the court, if admissible at all, is admissible, under the permit granted to the defendant, in the article, last quoted, to offer evidence of his general reputation. Evidence of .personal afflictions cannot be considered as evidence of general reputation. By evidence of general reputation, as used in the article, is meant evidence of the opinion which the community, in which
 
 *519
 
 the defendant resides, held of him for peace, honesty, truthfulness, and regard for law and. order, prior to the commission of the offense. State v. Noble, 155 La. 843, 99 So. 619. It was not error, therefore, to exclude the evidence.
 

 A bill was also reserved to the overruling of a motion for a new trial, but, as the sole ground of this motion was the ground of the foregoing bill, it is unnecessary to consider the exception to the overruling of the motion for a new trial.
 

 The judgment is affirmed.