HIGGINS, Justice.
 

 The defendant was indicted for the murder of Loretta Powell and placed on trial on Monday, May 15, 1939, before the Fourth Judicial District Court in and for the Parish of Ouachita, with Honorable D. I. Garrett presiding- as Judge. On this date, a jury of twelve was duly selected and sworn and the indictment returned against the defendant and his plea of not guilty were read to the jury. The court then adjourned until 10 o’clock a. m., Tuesday, May 16, 1939. On that date,
 
 court
 
 opened with Honorable R. R. Reeves presiding as Judge and he ordered the trial of the case to proceed. Counsel for the defendant objected to the substitution of Judge Reeves in the place of Judge Garrett, on the ground that the jury having been selected and sworn before Judge Garrett, the defendant was entitled, under the law, to have Judge Garrett preside during the remainder of the trial. This objection was overruled and the defendant reserved a bill of exception thereto. The trial of the case was then resumed and the defendant was found guilty as charged. Motions for a new trial and in arrest of judgment, reiterating the above objection, were overruled and bills of exception were reserved thereto by the defendant. The Court then imposed the death sentence. The defendant appealed.
 

 It appears that the accused lived with the deceased as his common-law wife. They separated and sometime later he went to her new place of abode, where a fight started, and he struck her with a flat iron. She fled from the house and, while he was pursuing her, fell to the ground. He then continued to beat her with the iron, causing the fatal injury. j
 

 On May 15, 1939, Judge Garrett, as a convenience to Judge Reeves, who was holding court in his own District and who had been assigned by this Court to another District in the place of Judge J. T. Shell, who was absent because of illness, and in compliance with the rules of the Fourth Judicial District Court providing for regular jury sessions of the criminal court, presided over the trial during the selection of the jurors, and, after the jury was sworn, in order to hear cases previously set for trial in Morehouse Parish, adjourned court, announcing that Judge Reeves would take the case up from that point, on the following morning. ■
 

 The record shows that there were no bills of exception taken while Judge Garrett presided during the selection and empanelling of the jury; that the opening statement by the district attorney was presented to the court, evidence was introduced by both the State and the defense, the arguments of counsel were made, the charge was given by the court to the jury, the verdict of the jury was returned, the motions for a new trial and in arrest of judgment were filed and overruled, the sentence was imposed upon the accused, and the motion for the appeal was granted while Judge Reeves presided in the trial of the case.
 

 
 *610
 
 Counsel for the defendant contend that-under the provisions of the Articles of the Constitution of the State of Louisiana and the Code of Criminal Procedure, the accused was entitled to have his entire case presided over by one and the same judge and that it was reversible error to substitute, over his objection, another judge to preside during the trial, citing the following:
 

 “Article 1, Section 9, Constitution of Louisiana:
 

 “ ‘In all criminal prosecutions the accused shall have the right to a speedy public trial by an impartial jury; *
 

 “Article 7, Section 41:
 

 “ ‘ * * * cases in which the punishment may be capital, by a jury of twelve, all of whom must concur to render a verdict.’
 

 “Article 19, Section 9:
 

 “ ‘ * ' * * The jury in all criminal cases shall be the judges of the law and of the facts on the question of guilt or innocence, having been charged as to the law applicable to the case by the presiding judge.’
 

 “Article 385, Code of Criminal Procedure :
 

 “ ‘The judge shall charge the jury on the law applicable to the case and shall charge the jury that it is their duty to accept and to apply the law as laid down for them by the judge.’ ”
 

 The State urges that the law does not accord the defendant the rights which he claims; that it was not error under the facts and circumstances of the case for one judge to replace the other, and that, if any error or irregularity was committed thereby, it did not prejudice the substantial rights of the accused or probably result in a miscarriage of justice, nor did it constitute a substantial violation of his constitutional or statutory rights.
 

 Assuming that the law contemplates that one judge should preside over the entire trial, a view most favorable to the accused, but without deciding that issue, we shall pass to a consideration of whether or not the rights of the accused were prejudiced thereby.
 

 Article 557 of the Code of Criminal Procedure reads:
 

 “No judgment shall be set aside, or a new trial granted by any appellate court of this State, in any criminal case, on the grounds of misdirection of the jury or the improper admission or rejection of evidence, or as to error of any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right.”
 

 Under the facts and circumstances of this case, can it be said that the substitution of the judge (a) probably resulted in a miscarriage of justice, (b) was prejudicial to the substantial rights of the accused, or (c) constituted a substantial
 
 *612
 
 violation of a constitutional or statutory right?
 

 The instant case does not involve the absence of the judge at any time during the trial of the defendant, nor does it present a situation where the defendant was not tried before a legally constituted court with full jurisdiction. Each judge had the same power, authority, and concurrent jurisdiction — both being judges of the Fourth Judicial District — and although a substitution occurred, the court remained the same during the whole of the trial. Neither judge at any time was called upon to pass on any ruling made by the other judge and, in fact, no bill was reserved during the time Judge Garrett presided, while the jury was being selected and sworn, ánd no bill was reserved during the time Judge Reeves presided, except the one in question.- The entire case from the opening statement, including all of the evidence, to the time the orders of appeal were granted, was heard by Judge Reeves. How then, under these circumstances, could the mere substitution of a judge probably result in a miscarriage of justice, or this fact alone create a belief in the judicial mind that a different or more favorable result to the accused would have been reached had the same never occurred.
 

 It is well-settled that, in order to justify the appellate court in reversing a verdict, there must be shown not only error but injury or. prejudice as a consequence. State v. Ricks, 170 La. 507, 128 So. 293; State v. Colombo et al., 171 La. 475, 131 So. 464; State v. Flattmann, 172 La. 620, 135 So. 3; State v. Marsalise et al., 172 La. 796, 135 So. 361, and State v. Gage, 161 La. 945, 109 So. 771.
 

 Counsel for the defendant state that they are unable to point out in what respect the substitution of the judge resulted in a miscarriage of justice, or prejudiced the substantial rights 'of the accused, or constituted a substantial violation of a constitutional or statutory right. They argue that the mere fact that the law did not give the State the right to substitute the judge and the original presiding judge was replaced, prejudice is presumed and reversible error was committed.
 

 The cases of Freeman v. U. S., 2 Cir., 1915, 227 F. 732, and Durden v. People, 1901, 192 Ill. 493/ 61 N.E. 317, 55 L.R.A. 240, relied upon by counsel for the defendant, follow the general majority rule which prohibits the substitution of a judge during the course of a criminal trial, after a jury has been sworn, evidence adduced and prior to the verdict.
 

 The Supreme Court of the State of Pennsylvania has adopted and followed the general rule, as is fully shown by the case of Commonwealth v. Claney, 113 Pa.Super. 439, 173 A. 840, in which the substitution of a judge occurred over the objection of the accused, after testimony had been adduced and argument of counsel, and where the substituted judge charged the jury and received the verdict. However, in the case of Commonwealth v. Thompson, 328 Pa. 27, 195 A. 115, 118, 114 A.L.R. 432, the court recognized an exception to the above general rule and held that it was not applicable nor was it. reversible error where
 
 *614
 
 the substitution of a judge occurred during the selection of the jury. In that case, one judge replaced the other after eight of the twelve jurors had been selected. In deciding the issue, the court said:
 

 “We have discussed the question of substitution during and after trial because of the scope of the oral argument. In this case the change of judges, before the trial and while the jury was being impaneled, did not cause the slightest harm to appellant. The examination of jurors under voir dire does not elicit any information that can be used in the trial of the case; such examination is merely for the purpose of securing a competent, fair, and unprejudiced jury. That function can be properly performed by any judge; but when the jury is selected ánd sworn, a different situation arises. The substitution was not reversible error."
 

 In the case of Archerd v. Burk, Sheriff, 1934, 148 Or. 444, 36 P.2d 338, the Supreme Court of Oregon held:
 

 “That presiding circuit judge was changed after indictment was returned, arraignment had, plea entered, bail fixed, case set for trial, and motion for postponement ruled upon did not invalidate subsequent' proceedings, since trial had not been begun before first judge or progressed to point of taking testimony.”
 

 See also, York v. State, 91 Ark. 582, 121 S.W. 1070, 18 Ann.Cas. 344.
 

 In short, the general rule is that it is reversible error to substitute a judge to preside over the remainder of a trial after evidence has been adduced before the original judge. The basis for this holding is that the second or substituted judge, not being familiar with the prior testimony or evidence, is not in a position to give the accused a fair and impartial trial as is contemplated by law. The exception to the rule is predicated on the ground that the selecting and swearing of the jurors is solely for the purpose of securing a competent and fair jury and has nothing to do with the evidence tending to show guilt or innocence.
 

 In the instant case, the only function performed by Judge Garrett was in presiding during the time the jury was being selected and sworn, and this,. obviously, was done to the full satisfaction of both the State and the accused, because not one bill of exception was reserved thereto. There was nothing that Judge Garrett did that could either favor the State or prejudice the accused in the remainder of the trial. It is stated that the jurors might have gained some erroneous impression from the fact that another judge took up the case from that point. We are unable to imagine or conceive of any impression that the jurors could have gotten or of any conclusion they could have drawn from that circumstance, which would be prejudicial to the rights of the accused. In fact, not. one has been suggested or pointed out. Surely none can be presumed, when it appears that no harm or injury was done the accused thereby.
 

 It is our conclusion that, if the substitution of the judge was an error or irregularity, under the facts and the circumstances of this, case, it was one of those
 
 *616
 
 errors or irregularities which did not result in a miscarriage of justice and neither caused prejudice to the substantial rights of the accused nor constituted a substantial violation of a constitutional or statutory right, and therefore the bills of exception are without merit.
 

 For the reasons assigned, the verdict of the jury and the sentence of the court are affirmed.