HAMITER, Justice.
 

 In a bill of information filed April 7, 1942, Roy J. Revere was charged with having committed the crime of bigamy on March 20, 1942, in that he willfully and feloniously married one Vera Fortato while then being the lawful husband of Anna Mae Christina ■ Revere.
 

 
 *333
 
 Trial by a jury of twelve took place in October, 1942, and there was returned on the 21st day of that month a verdict of guilty as charged. The jury was polled, at the request of defense counsel, with the resultant showing that eleven had favored conviction while one was for acquittal.
 

 After motions for a new trial and for arresting the judgment were filed and oyerruled, defendant was given a sentence of imprisonment in the state penitentiary at hard labor for a period of eighteen months.
 

 This appeal followed. It is predicated on fifteen bills of exception reserved during the proceeding; however, as we understand the brief of defense counsel and the oral argument only four complaints are presented for our consideration. •
 

 Defendant first complains that he should have been tried under the provisions of the new Louisiana Criminal Code of 1942, which was in force and effect when the trial was held, instead of under the statute prevailing at the time he committed the alleged offense in March, 1942, as was done.
 

 The law as of the date of said commission recited that “any person who shall be convicted of crime of bigamy in this state shall be imprisoned at hard labor in the -state penitentiary for a period of not more than five years nor less than one year.” Act No. 93 of 1898, Code of Criminal Procedure, Article 1127. This penalty necessitates a trial by a jury of twelve, nine of whom must concur for the finding of any verdict. Code of Criminal Procedure, Article 338.
 

 But in the Criminal Code of 1942, Article 76, it is stated that “whoever commits the crime of bigamy shall be fined not more than one. thousand dollars, or imprisoned, with or without hard labor, for not more than five years, or both.” Punishment of that character requires a jury of five (unless the accused expressly waives a trial by jury), all of whom shall concur for the finding of a verdict. Code of Criminal Procedure, Section 339.
 

 If the district court had granted the request for a jury of five, so defendant argues, “a mistrial would of necessity have occurred since the jurors did not all agree on the verdict, and besides the accused was forced to accept objectionable jurors as' he had exhausted his challenges.”
 

 The new Criminal Code of 1942 was not enacted and did not become effective until some months after the commission of the crime for which defendant stands convicted; and by the express language thereof, found in Article 142, its provisions are not applicable to such offense. It is therein said:
 

 “This Code shall not apply to any crimes committed before it becomes effective. Crimes committed before that time shall be governed by the law existing at the time the crime was committed.”
 

 Therefore, a trial under the former statute and by a jury of twelve was proper.
 

 The several cases cited by defendant in aid of his above described position are
 
 *335
 
 in no manner appropriate, for in none was there involved a statute having a saving clause such as is contained in the 1942 Criminal Code.
 

 Next it appears that defendant feels aggrieved because, as contended in the brief of his counsel, he was “deprived of the benefit of having essential, legal and pertinent evidence go before the jury, which would have had a particularly favorable significance on his appeal for a recommendation of a suspension of sentence.” The exclusion to which reference is made resulted when the court sustained objections of the district attorney 'to certain questions propounded by defense counsel. Such questions were numerous, and they will not be quoted in this opinion for no useful purpose would be served by so doing; however, thorough consideration has been given to all of them.
 

 Evidence offered solely in an attempt to secure from the jury a recommendation for a suspended sentence, such as was defendant’s purpose, is admissible, if at all, only to show the general reputation of the accused, meaning the opinion which his community held for him pri- or to the commission of the offense. State v. Noble, 155 La. 843, 99 So. 619; State v. Arnandez, 171 La. 516, 131 So. 582. This rule of evidence was recognized by the trial judge, for he states in his per curiam :
 

 “Counsel for defendant placed several witnesses on the stand to establish the good reputation of the defendant and the fact he had not been previously convicted of a felony and I, accordingly, instructed the jury that they could find the defendant guilty and recommend that sentence be suspended. * * * ”
 

 The evidence that was excluded, and about which complaint is registered, dealt entirely with specific instances; and, additionally, most of the propounded questions pertained to matters occurring subsequent to the bigamous marriage. Therefore, the court’s holding the offered testimony to be irrelevant and immaterial was in our opinion correct.
 

 One of the questions just discussed concerned a statement claimed to have been made by defendant, subsequent to the crime’s commission, that he wanted to get a divorce and marry the prosecuting witness legally. After it was asked the district attorney commented: “That’s just like asking a man to return money after robbing a bank.” Defense counsel objected to this comment and requested that a mistrial be declared. The court refused the request; however, the jury was instructed to disregard the remark of the district attorney. By that remark, we think, defendant was not injured or prejudiced, particularly in view of the court’s instruction to the jury.
 

 Bills of exception were also reserved by defendant to the overruling of his objections to’testimony of certain witnesses for the state given in rebuttal. This evidence purposed to prove that defendant was in a sober condition in St. Tammany Parish immediately after the occurrence of the bigamous ceremony there. It was admissible, we think, since there was testimony of defense witnesses
 
 *337
 
 that defendant was in an intoxicated condition in the City of New Orleans about six hours before that marriage was celebrated. This defense evidence obviously tended to cause the jurors to think that the accused might have been incapacitated from strong drink when married; and notwithstanding that the intoxication described occurred in the City of New Orleans, the state was entitled to show in rebuttal that his mental faculties were not impaired when he perpetrated the offense of bigamy in St. Tammany Parish.
 

 Therefore, for the reasons given- the conviction and sentence are affirmed.
 

 ODOM and PONDER, JJ., absent.