142 So.2d 407

**STATE of Louisiana**

**v.**

**Emmett HENDERSON.**

No. 45965.

June 4, 1962.

Rehearing Denied June 29, 1962.

————◆————

Billye L. Adams, Monroe, Woodrow Wilson, E. F. Madison, Bastrop, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Cullican, Asst. Atty. Gen., Albin P. Lassiter, Dist. Atty., Joe Rolfe White, Asst. Dist. Atty., for appellee.

SUMMERS, Justice.

The defendant, Emmett Henderson, was indicted for the crime of aggravated rape,

he was tried, convicted and sentenced to death.

During the trial defendant reserved several bills of exceptions, none of which were perfected, and they are consequently not urged upon this appeal.

This appeal is based upon what defendant contends is an error apparent on the face of the record evidenced by the minutes of the court and the overruling of a motion for a new trial based upon the ground that the entire "trial" was not before the same judge.

The entire record of the proceedings is before us.

This trial had its beginning with the empaneling of the first jurors on April 21, 1958, and the trial was closed on April 23, 1958, when the jury announced their verdict and were discharged.[1] The Honorable David I. Garrett was in attendance in court and presided over the trial at all of its stages.

Thereafter on June 20, 1958, a motion for a continuance was filed and granted staying all proceedings in the case because one of the counsel for accused was a member of the legislature which was then in session.

On September 19, 1958, a motion in arrest of judgment and a motion for a new trial were filed on behalf of the accused. These motions were neither tried nor disposed of for on October 7, 1958, a plea of present insanity was filed on behalf of the accused resulting in hearings and commitment of the accused until on August 26, 1961, the accused was reported to be sane.

Then, on September 25, 1961, the motion in arrest of judgment and the motion for a new trial, which had been filed after verdict more than two years previously, on September 19, 1958, were set for trial on October 23, 1961, before the Honorable Mack E. Barham, Judge of that same district. Judge Garrett having died prior to the date fixed for trial of the motions.

On the date fixed for trial of these motions the accused filed a new motion for a new trial alleging that the trial judge, Honorable David I. Garrett, was deceased and the ends of justice entitled the accused to have the same judge throughout the entire "trial" of the case. This motion for a new trial, based upon the substitution of the judge, together with the motion in arrest of judgment and the motion for a new trial previously filed on September 19, 1958, were all overruled on November 6, 1961, by Judge Barham.

On November 10, 1961, the accused was sentenced to death. Counsel for accused immediately requested and was granted an

1. Arts. 332 and 334 Code of Crim.Procedure, LSA–R.S. 15:332 and 334.

:appeal returnable to this court. Having granted the order of appeal, the presiding judge was divested of jurisdiction and un:able to sign any bills of exceptions. No ·bills of exceptions have been perfected.

■ With respect to the motion concerning the substitution of judges, we have seen that the accused did have the same judge throughout the "trial" of the case, for in Louisiana the trial begins with the empaneling of the first juror and closes with the discharge of the jury after verdict. (See Arts. 332 and 334 of the Code of Criminal Procedure, LSA–R.S. 15:332 and 334.)

The questions presented· are·: (1) whether a judge substituted after verdict, because of the death of the trial judge, may rule upon a pending motion for a new trial and a motion in arrest of judgment and impose sentence; and, (2) whether ·such facts relied upon as constituting error, and made to appear by the minutes of ·court and the pleadings in the record, may be considered to be patent on the face of the

record and hence availed of on appeal simply by calling it to the attention of the court at any time, orally or in brief, and without the necessity of a· formal bill of exceptions as provided by Article 560 of the Code of Criminal Procedure, L.S.A.–R.S. 15:560.

■ Although we are of the ·opinion that the alleged irregularity is apparent on the face of the record, we do·not agree that prejudicial error was committed in this case by the substitution of judges after the trial was closed. It is true that a motion in arrest of judgment and a motion for a new trial were pending at the time of the demise of the judge who presided at the trial, but the record here discloses that he had ordered the transcription of all the testimony taken at the trial, and it was available to his successor. The pending motion in arrest of judgment and motion for a new trial presented pure question's of law for determination, and the ruling did not involve the credibility or demeanor· of witnesses.[2] The practical argument, then,

---

2. The motion in arrest of judgment specified these grounds:

"1. Emmett Henderson, on cross-examination by the District Attorney, was questioned about his mental condition at the time of the alleged crime. Counsel for accused objected to questioning the accused on this point and the Court overruled the objection. (Tr. 159.)

"2. The charge of the Judge to the Jury did not contain the instruction that ·one of the verdicts that could be returned by the Jury was 'Not Guilty because of Insanity.' (LSA–R.S. 15:412.1.)

"3. The verdict is contrary to the law and evidence, and because no judgment against him, the said Emmett Henderson can be lawfully rendered on said record."

The motion for a new trial specified these grounds:

"1. The Judge's charge to the Jury nor the slip of paper on which the instructions were written did not specify that one of the verdicts that could be rendered by the Jury was 'Not Guilty Because of Insanity.'

"2. When the·Jury retired for deliberations, the·members were not kept to-

that a judge who is not present during the entire proceedings will be unable to properly evaluate the evidence upon which the ruling is to be made does not pertain to the facts before us.

Another reason advanced in support of the view that the substitution of judges entitles an accused to a new trial is that the constitutional guaranty of trial by jury means trial by the identical judge and jury throughout. (See 2 La.Law Rev. 742.) As heretofore pointed out, the facts of this case show that substitution occurred after the verdict, and hence after the trial, for, as shown by Articles 332 and 334 of the Code of Criminal Procedure, LSA–R.S. 15:332 and 334, the trial was closed when the verdict was rendered. This is in accord with the generally prevailing view that proceedings subsequent to the reception of the verdict are not part of the trial. State v. Messino, 325 Mo. 743, 30 S.W.2d 750. This contention is therefore without merit.

The view of such matters taken by this court is exemplified by our decision in State v. McClain, 194 La. 605, 194 So. 563, where the substitution occurred after the empaneling of the jury but before the trial had otherwise proceeded. We held there that if the substitution of the judge was an error or irregularity, under the

facts and circumstances of that case, it was one of those errors or irregularities which did not result in a miscarriage of justice, and neither caused prejudice to the substantial rights of the accused nor constituted a substantial violation of a constitutional or statutory right.

In State v. Barret, 151 La. 52, 91 So. 543, we held that it was not error for an accused to be sentenced by a successor judge.

Although the substitution of judges during the course of a criminal proceeding is undoubtedly irregular, we do not find that a miscarriage of justice has resulted here nor do we find the irregularity to be prejudicial to the substantial rights of the accused. Article 557 of the Code of Criminal Procedure, LSA–R.S. 15:557. The rule applicable to the facts involved here is well stated in Commonwealth of Pennsylvania v. Thompson, 328 Pa. 27, 195 A. 115, 114 A.L.R. 432 (1937):

"While statutory and decisional authority permits substitution to take place in a criminal case subsequent to the receipt of the verdict for the purpose of hearing motions and passing sentence, in the absence of any likelihood of prejudice to the defendant, (Com. v. Dunleavy, 16 Pa.Super

---

gether but occupied overnight twelve separate rooms in the Louisiana Hotel, Bastrop, Louisiana, and had opportunity to communicate with the outside world.

"3. The Jury box did not contain the

names of any negroes whereby Emmett Henderson, a negro, was deprived of due process of law as provided by the Constitution of the United States and the Constitution of the State of Louisiana."

380, and Com. v. Miller, 63 Pa.Super. 548), however, the practice of substituting judges to hear motions for a new trial, suspending or imposing sentence should be confined solely to cases of necessity. The parties to the litigation, which includes the commonwealth, ordinarily possess an undoubted right to have the judge who heard the evidence and witnessed all that took place in the courtroom, help to decide the motion, pass judgment, suspend or impose sentence. The sentencing or suspension thereof of a person convicted of crime is a judicial act of serious import in the administration of justice, and can only be performed by the judge who tries the case, except in cases of imperative necessity. After the imposition of sentence by the court, the prisoner becomes a charge upon the state and enters its custody. In no event should a substitution or replacement after verdict ever be permitted except under unavoidable circumstances, such as sickness, impossibility to act, or other substantial cause which would make the continuance of the trial judge's presence impossible. This is especially true in capital cases where life may be at stake."

Nothing in the case before us violates the letter or the good reasons of the rule of law announced above.

The conviction and sentence are affirmed.

142 So.2d 410