DIXON, Justice
(dissenting).
I respectfully dissent from treatment of Bills of Exceptions Nos. 9-19 by the majority. These exceptions were reserved when the defense counsel attempted to introduce evidence to support defendant’s explanation of why he fled the scene at the time of his arrest. The prosecutor was arguing that the evidence of flight was proof of the guilty knowledge of the defendant. In Louisiana a presumption of guilty knowledge arises upon proof of flight. State v. Nash, 169 La. 947, 126 So. 434 (1930). See: McCormack on Evidence, 2d ed., § 271 (1972).
There is no question that the defendant did in fact flee when he was about to be arrested. Defendant explained this fact by testifying that he was afraid of Steve Abercrombie (the informant) who accompanied Officer Gregory at the time of the arrest. The defense sought to support this story by showing that Steve Abercrombie was a violent man, having cut the throat of several people, and that the defendant was aware of this fact. The trial judge refused to admit this evidence stating that it was an attempt to prove the state of mind of the defendant. This ruling was incorrect. State v. Nash, supra; State v. Noble, 155 La. 843, 99 So. 619 (1924). *481 Evidence of flight, when used to show guilty knowledge on the part of the defendant, is also evidence tending to prove the state of mind of the defendant. The State cannot create a rebuttable presumption and then deny the defendant the chance to rebut it. The trial judge allowed the introduction of the State’s evidence to show the state of mind of the defendant and then denied the defendant the opportunity to introduce contrary evidence on his state of mind. The defendant cannot be denied the right to put on an affirmative defense. There is no contention that the presumption of guilty knowledge which arises from proof of flight is an irrebutta-ble presumption nor could it be so considered. R.S. 15:432 specifically allows the introduction of evidence to rebut a presumption. Since this was an important element of the case, the conviction and sentence should be set aside.