SUMMERS, Justice
(dissenting).
I dissent from this Court’s order of October 13, 1976, vacating the appointment of Judge Eugene E. Leon, who was properly appointed judge ad hoc to substitute for Judge August A. Nobile, Jr., the latter hav-. ing voluntarily recused himself. This action was taken upon the bare conclusory allegation that Judge Leon belonged to a political faction and because he continued the trial then in progress without beginning anew.
There is not one scintilla of evidence in this record to support the allegation that Judge Leon is a party to the political faction mentioned, nor is evidence in the record that it would affect his judgment in the case.
As to the allegation that he proceeded with the trial of the case then in progress, there is no legal objection to this procedure under the circumstances of this election contest where time limitations make prompt action imperative. In State v. Henderson, 243 La. 233, 142 So.2d 407 (1962), we held that the substitution of judges during a criminal trial after verdict was not improper when the circumstances made that action necessary. See also State v. McClain, 194 La. 605,194 So. 563 (1940). In the case at bar, as in the Henderson case, the evidence received prior to Judge Leon’s *318 appointment was all recorded and was being transcribed as the case progressed. All of this would be readily available for his consideration.
In my view it was improper for this Court to vacate Judge Leon’s appointment under these circumstances. Not only will the record fail to support the Court’s action, but the Court’s order tends to reflect adversely on Judge Leon’s impartiality without a showing that he deserves such treatment.
Equally as important is the fact that no ground for recusation provided by law has been established. These are explicitly set forth in Article 151 of the Code of Civil Procedure:
“A judge of any court, trial or appellate, may be recused when he:
(1) Is a material witness in the cause;
(2) Has been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter’s employment in the cause;
(3) Has performed a judicial act in the cause in another court;
(4) Is the spouse of a party, or of an attorney employed in the cause; or is related to a party, or to the spouse of a party, within the fourth degree; or is related to an attorney employed in the cause, or to the spouse of the attorney, within the second degree; or
(5) Is interested in the cause.
In any cause in which the state, or a political subdivision thereof, or a religious body or corporation is interested, the fact that the judge is a citizen of the state or a resident of the political subdivision, or pays taxes thereto, or is a member of the religious body or corporation, is not a ground for recusation.”
While this Court is empowered by Article 158 of the Code to appoint another district judge if it is deemed “in the interest of justice”, I cannot agree that this action qualifies under that authority. To the contrary, I consider it disruptive of the orderly processes of justice to unseat a judge otherwise properly appointed in his own district upon such nebulous and unfounded charges.
I respectfully dissent.