SANDERS, Chief Justice
(dissenting).
James A. Moreau, a candidate for congressional nomination by the Democratic Party, filed suit against his opponent, Richard A. Tonry, contesting the outcome of the Democratic primary based on allegations of fraudulent election practices. Under established procedure, the suit was allotted to Judge August J. Nobile, Jr., of the Twenty-Fifth Judicial District Court for St. Bernard Parish. Tonry filed a motion to recuse the trial judge. The trial judge overruled the motion and continued the trial of the summary proceeding. Ultimately, after the trial was well advanced, the Fourth Circuit Court of Appeal ruled that the motion to recuse set forth a valid ground for recusal, justifying a recusal hearing before another judge. Apparently to avoid interruption of the election contest, the trial judge then recused himself and appointed Judge Eugene E. Leon, Jr., of the same judicial district to hear the case.
The defendant filed no motion to recuse Judge Leon in the trial court. Instead, defendant filed in this Court a motion to appoint another judge to hear the case.
The majority has granted the motion to appoint a judge to hear the case, which has the effect of disqualifying Judge Leon. I disagree.
The appointment of Judge Leon to try the case was in strict compliance with our procedural law. Article 157 of the Louisiana Code of Civil Procedure specifically provides:
“After a trial judge recuses himself he shall appoint a judge ad hoc to try the cause in the manner provided by Articles 155 and 156 for the appointment of a judge ad hoc to try the motion to recuse.”
Since the appointment was properly made, the question then becomes whether or not there are ample grounds to appoint another judge. In this connection, Article *319 158 of the Louisiana Code of Civil Procedure provides:
“In a cause in which the district judge is recused, even when a judge ad hoc has been appointed for the trial of the cause under Article 157, a party may apply to the supreme court for the appointment of another district judge as judge ad hoc to try the cause. If the supreme court deems it in the interest of justice, such appointment shall be made.”
By its terms, this article requires an adequate showing that a new appointment is “in the interest of justice.”
No such showing has been made in the present case. There was no offer of evidence in the trial court of bias, prejudice, or other factors that would prevent the judge from conducting a fair hearing.
The allegations of the motion filed here are unsupported. Moreover, they refer only to the mover’s “suspicions of an improper and injudicious interest in the case.” Suspicions of litigants, of course, provide no judicial basis for disqualifying a judge or appointing another in his place.
The only substantial factual allegation in the motion is that the judge resumed the trial at the point where his predecessor had recused himself. Apparently, the trial judge did not undertake to rehear the testimony of prior witnesses because of a suspected legal deadline for the conclusion of the election contest. Instead, he announced that he would rely on the transcribed testimony. There is authority supporting this procedure. See State v. Henderson, 243 La. 233, 142 So.2d 407 (1962). In no event, however, is the procedure an adequate ground for disqualification of the judge. If a different procedure will better serve the interest of justice, this Court can order it without interruption of the orderly proceedings in the trial court.
I do not believe that the disqualification of a duly elected judge on scanty and unsupported allegations is in the interest of the administration of justice. It has the effect of allowing a litigant under these circumstances to challenge a judge without cause.
For the reasons assigned, I respectfully dissent.
ON MOTION TO APPOINT JUDGE
DIXON, Justice.
On the morning of the trial of an election contest the defendant, Richard A. Tonry, apparent winner of the contested election, filed a motion to recuse the trial judge. Interest in the cause on account of political associations with one of the factions in the election, a valid ground for recusation, C.C.P. 151, was the basis of the motion.
In spite of the provisions of C.C.P. 154 (“If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge . . .”), the trial judge, himself, denied the motion. On application to the Court of Appeal, Fourth Circuit, that court ordered the trial judge to refer immediately to another judge the motion to re-cuse.
The trial judge, Judge August A. Nobile, Jr., then appointed another judge of the district, Judge Eugene E. Leon, to try the motion. Instead, the plaintiff announced that he would not oppose the recusal of Judge Nobile. Judge Leon thereupon undertook to hear evidence on the merits of the case then in progress. It was then about 4:30 in the afternoon. Rulings on the admission of much deposition evidence and the taking of oral testimony had occurred that morning and afternoon. Judge Leon had not been present.
That evening defendant applied to this court for the appointment of another judge “in the interest of justice.” C.C.P. 158. In response to inquiry from this court Judge Leon stated that he did not have before him the evidence taken before Judge Nobile that morning, and that he “did not expect to finish before one minute to midnight,” an apparent reference to the holding of Downs v. Pharis, 240 La. 580, 124 So.2d 553 (1960). Downs v. Pharis had held that, if an election contest suit is not finally decided before the time fixed by statute for the *320 printing of absentee ballots (now twenty days before the election), the contest “abates.” As a matter of fact, neither side has, in subsequent proceedings before this court, sought refuge in that decision. In the district court, however, plaintiff relied on Downs v. Pharis, interpreting it to end an election contest suit “in favor of the party who is at that time the apparent winner.”
We stayed the proceedings on the night of October 12 and ordered plaintiff to show cause at 9:00 o’clock the next morning why a judge ad hoc should not be appointed. After argument we appointed Judge Melvin Shortess of the Nineteenth Judicial District, Baton Rouge, to try the case.
C.C.P. 158 is the statutory basis for review of the appointment of a judge in the event of recusal of a district judge. The source provision appears as Article 342.2 of Dart’s Code of Practice, which, in turn was taken from Act 40 of 1880, as amended. Further, in 1948, Act 336 amended C.P. 341 to provide, in language almost identical to that of C.C.P. 158:
“In any cause where the district judge shall be recused, even where another judge or judge ad hoc has been appointed under Article 340, any party to the cause may apply to the supreme court for the appointment instead of another district judge; and if the supreme court deems it conducive to the interests of justice, such appointment shall be made.”
Three Louisiana cases have been located in which more than one judge at the trial level acted in the case. State v. Henderson, 243 La. 233, 142 So.2d 407 (1962); State v. McClain, 194 La. 605, 194 So. 563 (1940); State v. Barret, 151 La. 52, 91 So. 543 (1922).
In State v. Henderson, the trial judge died in the interval between the trial at which defendant was convicted and the determination of a motion in arrest of judgment and a motion for a new trial. These motions were decided by a successor judge. In State v. McClain, a substitute judge presided at the selection of the jury; the regular judge completed the case. In State v. Barret, the defendant was sentenced by a judge who succeeded the judge before whom trial was held. (The sentencing judge had also presided at a former trial which resulted in a mistrial).
In none of these cases was error found. Nevertheless, as was recognized in State v. McClain:
“In short, the general rule is that it is reversible error to substitute a judge to preside over the remainder of a trial after evidence has been adduced before the original judge. The basis for this holding is that the second or substituted judge, not being familiar with the prior testimony or evidence, is not in a position to give the accused a fair and impartial trial as is contemplated by law. . . . ” 194 So. 563, 565.
Under the circumstances existing in the case before us, in which a new judge, named by the first judge to try, upon the order of the Court of Appeal, the motion to recuse the first judge, undertook to take up the case in the middle of its course in spite of the timely objections of the defendant, it is clear, without further explanation, that the interest of justice required that another judge be appointed to try the case.
For these reasons, the writs were granted and the order was issued on October 13, 1976:
“The motion to appoint a district judge from outside the Twenty-Fifth Judicial District is granted, pursuant to C.C.P. 158.
“IT IS ORDERED that Judge Melvin A. Shortess be and is hereby appointed to try and to decide this case in the Twenty-Fifth Judicial District.
“IT IS FURTHER ORDERED that absentee voting in the election for Congressman for the First Congressional District of Louisiana be delayed until further orders of this Court.”
(The order delaying absentee voting was recalled upon the decision of another writ granted in this case (our No. 58791) on October 22, 1976).