KNOLL, Judge.
Mosley Well Services, Inc., its employee, Virgil T. Holloway, and their insurer, Liberty Mutual Insurance Company, appeal a jury award of damages in favor of James Andrews for a back injury he suffered as the result of a vehicular accident. At the close of defendants’ case, the trial court granted Andrews’ motion for directed verdict. Without request from any of the attorneys representing the parties litigant, the trial court bifurcated the issues of liability and quantum. The trial court ruled on the issue of liability and found defendants liable; the jury returned a $671,000 damage award. Defendants’ assignments of error allege that the trial court erred in: (1) granting on the morning of trial Andrews’ motion to strike defendants’ assertion that comparative fault was applicable, and not allowing defendants to introduce evidence of Andrews’ comparative negligence; (2) failing to preside over the entirety of the jury trial; (3) granting Andrews’ motion for directed verdict on the issues of negligence and causation, particularly since the trial judge did not hear all the testimony; (4) granting Andrews’ motion for directed verdict on only the issues of negligence and causation, and not on the issue of damages; (5) allowing Andrews to introduce defendants’ insurance policy, and permitting him to disclose to the jury the coverage limits and the premiums charged; (6) including “loss of enjoyment of life” as a separate category of damages; (7) allowing the verdict form to contain language which implied to the jury that the trial court determined that Andrews was disabled, and that a damage award was owed; (8) excusing a juror for cause; (9) refusing to give defendants’ jury charges and in giving incorrect or misleading jury instruc *237 tions; (10) allowing Andrews counsel to make prejudicial remarks in the presence of the jury; (11) restricting defendants’ cross-examination of Andrews, and disallowing defendants’ cross-examination of Andrews’ expert economist regarding the effect of income taxation on Andrews’ future lost earnings; and that the jury erred in: (12) finding Andrews totally and permanently disabled; and (13) awarding Andrews an excessive damage award. We reverse and remand this case to the district court for a new trial, finding that it was patently erroneous for two trial judges to separately preside over the trial on the merits while evidence was adduced. Since we find reversible error in defendants’ third assignment of error, we pretermit discussion of defendants’ remaining assignments.
MOTION TO SUPPLEMENT RECORD
At oral argument it was brought out that the record was void of a Supreme Court order assigning a substitute judge to assist the Eleventh Judicial District, which is a necessary prerequisite for a substitute judge. LSA-La. Const. Art. V, Section 5(A). After oral argument Andrews filed a motion to supplement the record, attached a certified copy of the Supreme Court order, and filed a supplemental brief. Defendants filed an opposition to the supplementation of the record and a brief in support of their position.
After the record has been transmitted to' the appellate court, the general rule is that it can be supplemented by stipulation of the parties, by the trial court, or by order of the appellate court, only if the evidence was actually introduced at trial. Bullock v. Commercial Union Ins. Co., 397 So.2d 13 (La.App. 3rd Cir.1981). Irrespective of the foregoing rule, we have remanded cases to the district court to allow the introduction of additional evidence to prevent a miscarriage of justice even when such evidence had not been introduced at trial. See Jones v. LeDay, 373 So.2d 787 (La.App. 3rd Cir.1979). There is nothing in the present record to establish that the Supreme Court order appointing the substitute judge was filed as part of these proceedings or that such order was noted in the court’s minutes.
In the interest of judicial economy, we grant Andrews’ motion to supplement the record to include a certified copy of the order of May 8, 1985, from the Supreme Court assigning Judge Marvin Gahagan to sit as a judge pro tempore of the Eleventh Judicial District Court for the Parish of Sabine on May 15, 1985, and we further grant Andrews’ motion to file a supplemental brief addressing questions raised during oral argument.
TRIAL BY TWO JUDGES
Defendants contend that the trial court erred in failing to declare a mistrial because two trial judges presided over different portions of this jury trial while evidence was adduced.
Although the Code of Civil Procedure does not provide for mistrials, this procedural device has been recognized jur-isprudentially in those instances when no other remedy would afford relief. LSA-C.C. Art. 21; LSA-C.C.P. Art. 191; Spencer v. Children’s Hosp., 432 So.2d 823 (La. 1983) and cases cited therein. As noted in Spencer, “[M]istrial is available when, pri- or to the completion of the trial and rendition of a judgment, the court determines that there is some error or irregularity in the case which prevents reaching a proper judgment.” The result of a ruling by the trial court that a mistrial has occured is that the jury is discharged and a new trial is had before a newly impaneled jury. Spencer, supra.
We found only four Louisiana cases where more than one judge acted at the trial level in the case. In Moreau v. Tonry, 339 So.2d 317 (La.1976), the trial judge was recused in the middle of an election contest, and another judge heard the remainder of the evidence. The substitute judge was not present during the taking of evidence prior to his appointment. In State v. Henderson, 243 La. 233, 142 So.2d 407 (1962), the trial judge died between the time of defendant’s conviction and the adju *238 dication of defendant’s motions in arrest of judgment and for a new trial. A successor judge decided the post-conviction motions. In State v. McClain, 194 La. 605, 194 So. 563 (1940), a substitute judge presided over jury selection, and the regular district judge completed the case. In State v. Barret, 151 La. 52, 91 So. 543 (1922), defendant was sentenced by the successor of the judge who presided over the trial.
In State v. McClain, supra, it was recognized that

“[IJt is reversible error to substitute a judge to preside over the remainder of a trial after evidence has been adduced before the original judge. The basis for this holding is that the second or substituted judge, not being familiar with the prior testimony or evidence, is not in a position to give the accused a fair and impartial trial as is contemplated by law....”

With the exception of Moreau v. Tonry, supra, none of the cases found error with the fact that a substitute judge sat. However, in Moreau the Supreme Court was presented for the first time with a case where evidence was adduced before two judges. Significantly, in Moreau the Supreme Court found reversible error, apd in the interest of justice ordered the election contest tried de novo before a new judge.
Judge Claude R. Sledge presided over the empaneling of the jury and the first two days of trial. At the end of the second day of this jury trial, Judge Sledge announced that he was subpoenaed to testify as a witness at a trial in a neighboring parish, and that Judge Marvin Gahagan would preside over the trial as a substitute judge during the morning of the third day of trial of this case.
Judge Gahagan was assigned as a judge pro tempore under order of the Louisiana Supreme Court which provided as follows:

“ORDER

Acting under the authority of Article V, Section 5(A), Constitution of 197), and considering the need to assign a judge pro tempore to the Eleventh Judicial District Court for the Parish of Sabine, to assist with the docket during the temporary absence of Judge Claude R. Sledge and further considering the willingness of Retired Judge Marvin F. Gahagan to accept such assignment,

IT IS ORDERED THAT:

The Honorable Marvin F. Gahagan, Retired, be and he is hereby assigned as a judge pro tempore of the Eleventh Judicial District Court for the Parish of Sabine to assist with the docket on May 15, 1985, subject to the completion of any unfinished business.

This order shall not deprive the Honorable Claude R. Sledge, of his office as judge of the Eleventh Judicial District Court or any other court which he may have been assigned by previous order of this court, nor shall it deprive the Honorable Marvin F. Gahagan, Retired, of his office as judge of any other court to which he may have been assigned by previous order of this court.

Given under our hands and seal this 8th day of May, A.D., 1985, New Orleans, Louisiana.

FOR THE COURT:

John A. Dixon, Jr.,

Chief Justice”

Judge Gahagan heard the testimony of three witnesses, Dr. Carl Goodman who performed surgery on Andrews, Dr. Jan Duggar, Andrews’ economist, and Dr. Richard Galloway, Andrews’ rehabilitation expert. Judge Sledge returned for the afternoon of the third day of testimony and presided over the remainder of the trial. At the conclusion of defendants’ case, Judge Sledge granted Andrews’ motion for directed verdict on the issues of liability and causation.
We find Moreau dispositive of the issue before us. Evidence was introduced in the case sub judice before two judges presiding separately over different portions of the case. This error was compounded when the original judge ruled on Andrews’ motion for directed verdict. On a motion for directed verdict the trial judge should consider all of the evidence. Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir. *239 1979). The trial court in Louisiana, whether by judge alone or by judge and jury, is neither a mere assimilator of fact nor a mere accumulator of evidence. The trial court is in essence a judicial tribunal which must receive evidence and pass upon it in light of the correct law. Bienvenu v. Angelle, 254 La. 182, 223 So.2d 140 (1969). In the case sub judice Judge Sledge ruled on Andrews’ motion for directed verdict without viewing the live testimony of three witnesses. One of the witnesses, Dr. Goodman, the orthopaedist who performed back surgery on Andrews, was the primary witness to provide objective medical information linking Andrews’ injury to the accident.
Furthermore, our system of trial is not equipped to handle the conflicts which may be created when the two trial judges hearing different portions of the case disagree with the resolution of evidentiary problems presented in the course of trial. In the present case the original trial judge indicated in chambers, prior to a formal offering of the evidence, his inclination to allow plaintiffs to introduce defendants’ insurance policy. It is hornbook law that a ruling on an evidentiary matter can not be made until the evidence is formally offered. At the time the plaintiff introduced the insurance policy, the substitute judge was presiding. After presenting new case law in opposition to the offering, i.e., Ponder v. Groendyke Transport, Inc., 454 So.2d 823 (La.App. 3rd Cir.1984), writ denied, 457 So.2d 1195, 1198 (La.1984), case law which was not brought to the attention of the original trial judge, the substitute judge allowed plaintiffs to introduce the insurance policy. As a result, the original trial judge, should he have been swayed by the new jurispurdence, was effectively precluded from altering the earlier evidentiary ruling of the substitute judge. As exemplified hereinabove, permitting two judges to separately preside over a trial while evidence is being adduced would create problems that cannot be resolved under our system of trial. We conclude that in the interest of justice, the case sub judice necessitates a remand for a new trial.
Andrews urges that defendants failed to preserve their objection to the substitution of Judge Gahagan, and even if their objection was preserved, they waived their objection by failing to seek supervisory writs prior to the time Judge Gahagan assumed his temporary position as trial judge. We disagree. It is uncontradicted that counsel for defendants objected to this procedure by telephoning Judge Sledge at home on the evening after the close of the second day of trial, and also by orally objecting to the temporary substitution of trial judges prior to the commencement of the third day of trial. Although the record does not reflect defendants’ telephone conversation with Judge Sledge, defendants in brief readily admit that “defense counsel did in fact call Judge Sledge that Tuesday night and object.” Moreover, the record shows that: defendants moved for a mistrial in a conference at the bench before Judge Ga-hagan; and, Judge Gahagan reserved to defendants the right to urge their objection when Judge Sledge resumed the trial of this case. Andrews made no objections to this procedure. When Judge Sledge returned to the bench defendants moved for a mistrial. Likewise, we find no merit to Andrews’ contention that defendants waived their objection by failing to seek supervisory writs before Judge Gahagan assumed the bench. With the exception of Moreau v. Tonry, supra., which can be distinguished procedurally as an expedited election contest, the other cases involving multiple trial court judges raised the identical issue sub judice through appeal.
Lastly, Andrews urges that defendants failed to establish that they were prejudiced by having two judges preside over the case. As recognized in the jurisprudence cited above, it is evident that there is an inherent prejudice when evidence is adduced before two separate judges on the trial level. State v. McClain, supra, wisely pointed out that a substitute judge is not familiar with the prior testimony or evidence and is not in a position to be fair and impartial as contemplated by law. The case sub judice is further complicated in that the substitute judge did not preside over the remainder of the trial.
*240 For the foregoing reasons, we reverse the judgment of the trial court, and remand this case to the district court for a new trial consistent with the views expressed herein. Costs of this appeal are assessed against the appellee. Costs of the trial court shall await final determination of the case.
REVERSED AND REMANDED FOR A NEW TRIAL.