PER CURIAM.
This workman’s compensation case was argued on its merits and submitted to the court, but as yet we have 'not acted thereon.
Subsequent to the submission of the matter on the merits, appellants moved to remand the case, on the allegation that the judgment which plaintiff obtained in the court below, and which is now before us for review, was obtained by perjury on his part. The motion alleges:
“That plaintiff, contrary to his testimony was not employed solely as a carpenter for. ten years prior to the accident which occurred on August 25, 1949, but worked as a seaman aboard the SS Norway Victory from August 16, 1944 to June 11, 1945 and on the SS Cape Spear from August 17, 1945 to January 22, 1946 and his registration number with the U. S. Maritime Commission is. Z 553-630;
“That subsequent to the decision rendered by the District Court for total permanent disability, the plaintiff-ap-pellee resumed his former occupation as a seaman on board the SS Herman Melville from September 25, 1951 to December 9, 1951 at a base wage in excess of what he was earning at the time of his accident on August 25, 1949; that the physical duties of a seaman are of a similar nature as that of a carpenter; that the allegedly, totally, disabled plaintiff-appellee worked. more hours overtime on the voyage aboard the SS Herman Melville than any, other of a like classification for an identical period; that in the performance of his duties aboard said vessel, plaintiff-appellee" worked in the hold of the vessel and was required to constantly climb stairs, ladders, to stoop, bend and to do generally labors which he testified he was unable to perform and most of which the district judge likewise found he was unable to perform!”
In support of the motion to remand, appellants cite the cases of Cockrell v. Penrod Drilling Co., 214 La. 951, 39 So.2d 429, decided by the Supreme Court, and McClung v. Delta Shipbuilding Co., 33 So.2d 438, decided by us.
We perceive no merit in appellants’ motion to remand. This case is unlike the two above-cited cases.. For instance, in Cockrell v. Penrod Drilling Co., the plaintiff, an injured oil well worker, obtained a judgment for workman’s compensation in the district court, which was reversed and *838 set aside by the Court of Appeal for the Second Circuit. The plaintiff brought cer-tiorari in the Supreme Court, which reviewed the judgment of the appellate court. The defendants filed in the Supreme Court a motion to remand the case, based upon the allegation that defendants had discovered that since his case had been rejected by the Court of Appeal the plaintiff had been employed as an oil well driller, the same kind of work he was engaged in doing at the time of the accident. The Supreme Court held that the workman had become disabled as a result of the accident, but that his return to the same kind of work he was doing when injured warranted the conclusion that his condition had improved, and that he had recovered since the accident. The Court stated specifically that it could not be concluded, because the workman returned to work, that he was never actually disabled and had faked the accident and simulated the injury. However, the Court did remand the case to allow the defendants an opportunity to show the extent of the plaintiff’s recovery and his condition from November 1947 (a time subsequent to the opinion and decree of the Court of Appeal rejecting his claim), the Court being of the opinion that the remedy accorded defendants under § 20 of the Workmen’s Compensation Act, LSA-R.S. 23:1331, would be inadequate, since, if the plaintiff had been doing the same work in which he was formerly engaged, he would have a judgment for compensation for a period existing beyond November 1947, to which he was not entitled.
In the McClung case,' we concluded that the interests of justice required a remanding of the case on defendant’s motion, to which was attached sixteen still enlargements from a motion picture film taken about two months after the trial of the case, showing the plaintiff doing the very work that he postulated on the trial of his suit he could not possibly do, it being apparent to us that the moving pictures if placed into evidence, would conclusively impeach his testimony as to his condition at the time of the trial.
But, in the motion before us, it is merely alleged that about three or four months after recovering the judgment for compensation Brannon hired himself out as a seaman, and his duties are said to be similar in character to those performed by a carpenter. There is nothing to show what type of evidence the appellants hope to adduce to show that Brannon, as a seaman, is performing duties of a nature similar to those that he performed in his capacity of carpenter. We are unwilling to remand the case upon the simple allegations contained in the motion, that the duties of a seaman are similar to those which Brannon performed in his trade as carpenter. In the first place, it would seem to us that the duties of a seaman entail ordinary labor, while the trade of carpenter might be said to be a skilled occupation. Courts should always remand a case whenever the nature and extent of the proceedings dictate such a course, and whether a particular case should be remanded is a matter which is vested largely within the court’s discretion, and should be exercised according to the peculiar circumstances of each individual case. If we were to remand this case, it would be necessary to reverse the judgment for workman’s compensation, which we do not think we should do unless the record discloses that such action is demanded by justice and equity, which is certainly not the case.
There is nothing in the motion, even taking the allegations as true, which would lead an impartial mind to a conclusion that because Brannon commenced to work as a seaman more than two years after his injuries, that the judgment which he holds was obtained through fraud and perjury. In both the Cockrell and McClung cases, the exceptional circumstances prevailing dictated the course of action taken by the courts.
Whether Brannon falsely denied that he was a seaman from 1944 to 1946 is immaterial. He was injured on August 25, 1949, whilst employed as a carpenter, which work he had done for several years. The law is well settled that “totally and *839 permanently disabled” means that a workman is so injured that he is unable to perform the duties of the occupation he was engaged in when injured. The fact that Brannon had at one time been a seaman and after the trial below returned to that calling would not per se preclude his recovery of workman’s compensation for the injuries if disabling. There is no question that the injuries sustained by Bran-non were of a serious nature, as the record discloses that the removal of the patella of his left knee became necessary.
Our view of this particular matter is that if judgment is to go against appellants, they are relegated to the remedy pointed out to them by LSA-R.S. 23:1331, which provides:
“At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation. * * * ”
The motion to remand is, therefore, denied.
Motion denied.
JANVIER, J., takes no part.