JANVIER, Judge.
The plaintiff, John P. Jackson, during the course of his hazardous employment by Southern Stevedoring Co., Inc., sustained injuries as the result of being struck on the left knee by a lift machine, which belonged to and was being operated by an employee of Charles B. Thomas, who is engaged in business under the trade name of Thomas Trucking and Freight Forwarding.’ The accident occurred on-December 15th, 1950. Jackson was paid compensation by the insurer of his employer, Hartford Accident and Indemnity Company at the rate of $30 per week for twenty weeks and the payments were then discontinued as a result of the medical reports that the disability had terminated and that' the injured employee could resume, his regular type of work.. .. .
Jackson then brought suit against the employer and Hartford Accident and Indemnity Company claiming that he had been totally and permanently disabled and praying for solidary judgment against them at $30 per week for 400 weeks, subject to credit for such payment as had already been made.
When that suit came to us on appeal from a judgment of dismissal, we held that, at the time of the discontinuance of the compensation payments, the employee had entirely recovered and that no further compensation was due him. See Jackson v. Southern Stevedoring Co., Inc., La.App., 65 So.2d 674, 675. In that holding we agreed with the District Judge who, in giving reasons for judgment dismissing the plaintiff’s suit, said that he was “of the opinion that plaintiff had fully recovered from all physical effects of the accident of December 15th, 1950, prior to his discharge from compensation * * * in May, 1951,” and-that he was “of the further opinion that the evidence preponderates to the effect that plaintiff has not now and never did have phlebitis as a result of said accident”, and he also believed that plaintiff’s mental condition was not caused or aggravated by the accident of December 15, 1950.
This suit in tort is brought by Jackson against the. alleged tort-feasor, Charles-B. Thomas, doing business as Thomas Trucking and Freight Forwarding, and United States Casualty Company, Inc., the liability insurance carrier of Thomas. Plaintiff alleges that the , accident resulted from fault of an employee of Thomas for which the said Thomas is liable to him, and he. prays for judgment against the two defendants in the sum of $28,200.
Hartford Accident and Indemnity Company intervened, and, as compensation carrier of Southern Stevedoring Co., Inc., the employer of Jackson at the time of his injury, alleged that it paid to Jackson $600 in compensation and that it expended $241.76, —$213 for medical services and $28.76 in hospital expenses, and it prays that out of such judgment as might be awarded to plaintiff, it should be repaid these amounts.
*251 After a trial in the Civil District Court for the Parish of Orleans there was judgment in favor of plaintiff and against both defendants in the sum of $3,510.11, and there was further judgment in favor of Hartford Accident and Indemnity Company, the intervenor, and against the plaintiff and the two defendants in the sum of $1,010.11, the judgment providing that this sum “shall be deducted, from the amount hereinabove awarded to plaintiff.”
From this judgment the employer, Charles B. Thomas, doing business as Thomas. Trucking and Freight Forwarding, and his liability insurance carrier, United States Casualty Company, have appealed. Plaintiff has answered the appeal praying that the amount of the judgment be increased to . $7,510.11.
When the matter was tried in the Dis-' trict Court the entire record in the earlier compensation suit was offered in evidence, and in addition to the evidence which was contained in that record, plaintiff offered the testimony of Dr. J. T, Nix who had not testified in the earlier compensation suit, but who had examined plaintiff on June 16th and June 17th, 1952, which was eighteen months after the occurrence of the accident, and again in August, 1952, and in September, 1952.
In addition to the testimony of Dr. Nix, the plaintiff himself again testified and he also produced one other witness, Ned Theri-ot, whose testimony, however, was of no value to either side.
It is conceded by defendants .that the accident resulted from fault for which the employer, Charles B. Thomas, is liable and that consequently there is liability in Thomas and in his insurer for such amount as will compensate plaintiff for his sufferings and injuries.
It is, of course, conceded that the mere fact that it was decided in the compensation case that plaintiff had recovered from his injuries when he was discharged by the doctors does not make it necessary that this suit for damages be dismissed, or that we must hold that the recovery here must be limited to the amount which has already been paid to plaintiff in compensation. Each case which is presented must be decided on the evidence which is produced in that case, and it may well be that after the trial of such an earlier compensation case, other evidence may be discovered and offered in the later suit for damages which is a different case and which evidence, had it been offered in the earlier case, might have effected a different result.
It must be conceded also that the compensation statute itself contemplates that usually the amount awarded in damages ■ shall exceed the amount to which the injured employee is entitled in compensation.
It follows that if the evidence of Dr. Nix and the additional -testimony of plaintiff should convince us that the injuries sustained by the plaintiff were actually more serious than we thought they were when we read the first record, we should be required to render a decree which would take into consideration this new testimony.
However, after carefuliy studying the testimony of Dr. Nix, we conclude that our original estimate of the extent of those injuries was not erroneous to any appreciable extent.
. It is not necessary that we again discuss the rather lengthy medical testimony. That we thoroughly considered that evidence in the earlier case is made evident by a reading of our earlier opinion. We concluded that such condition as Dr. Nix may .have found (some eighteen months after the occurrence of the accident) in all probability existed long before its occurrence, 'as we found when the matter was first before us. There we said:
“The record leaves no doubt at all, as we have said, that this condition was present long before the occurrence of the accident. As a matter of fact the plaintiff, in September, 1948, had effected a compromise settlement of another compensation claim and had received $3,250, and in the record which evidences the approval by the Civil District *252 Court of that compensation settlement there appears a statement by Dr. Bar-koff, who also testified in the case at bar, and in this statement given by Dr. Barkoff in the earlier case, which statement is dated September 1, 1948, he said:
“ ‘The neurological findings are typically those of conversion hysteria.’ ‡ # >jc »
The earlier case to which Dr. Barkoff referred' was a still earlier suit for compensation which had been brought by Jackson on September 2d, 1948, against an earlier employer and its compensation insurance carrier and, as a result of which, he had been paid compensation for injuries almost identical with those which we considered in Jackson v. Southern Stevedoring Co., Inc., supra, which, it appears to us, are identical with those found by Dr. Nix.
As we have said, seldom, if ever, does the amount paid in compensation adequately reimburse.the injured employee for his loss, suffering and expenses. This is as it should be, for the idea which prompted the enactment of the compensation statute was not •that the compensation should fully reimburse the injured employee, but only that he should be paid some reasonable amount to aid him in meeting his living expenses during that period, of disability in which he could not earn his regular wages. The sufferings of the plaintiff traceable to this accident and the disability which was caused by it are discussed by us in our earlier opinion to which reference is again made.
We find it difficult to determine from this record just what were the weekly earnings of Jackson at the time of this accident. We do find, however, that his hourly rate of. pay was $1.55. Using this as the basis, we find that he could have earned $62 per week. Since he lost his earning capacity of $62 per week for twenty weeks and was only reimbursed $30 per week, he is entitled to an additional $32 per week for twenty wepks, or $640 In addition to this, we think that $500 would adequately compensate him for his sufferings. This, together with' the amount shown to have been paid by the intervenor, $1,010.11, makes a ■total to which plaintiff is entitled of $2,150.11.
Accordingly, the judgment appealed from is amended by the reduction of the amount awarded to plaintiff to $2,150.11; in all other respects the judgment appealed from is affirmed, plaintiff to pay costs of appeal, defendants to pay all other costs.
Amended and affirmed.