373 So.2d 787 (1979)
Rose Mae JONES, Plaintiff-Appellee,
v.
Lee Joseph LeDAY, Defendant-Appellant.
No. 7188.
Court of Appeal of Louisiana, Third Circuit.
July 17, 1979.
*788 Fontenot & Mitchell, Clyde Fontenot, Ville Platte, for defendant-appellant.
Raymond J. LeJeune, Mamou, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
DOMENGEAUX, Judge.

MOTION TO REMAND
Defendant-appellant, Lee Joseph LeDay, moves to remand this suit to the trial court in order to enable him to proceed with the introduction of new evidence in the court below. The motion is unopposed.
Plaintiff, Rose Mae Jones, filed the instant suit against the defendant to recover damages for her injuries which occurred as a result of an accident on September 20, 1978, when she was struck by the defendant, an employee of Community Rice Mill, Inc. A default judgment was rendered in this matter on January 11, 1979 in favor of the plaintiff, awarding her a total recovery of NINE THOUSAND THREE HUNDRED SIXTY-NINE & NO/100 ($9,369.00) DOLLARS, including an award for her loss of wages from the date of the accident to January 9, 1979, totaling ONE THOUSAND NINE HUNDRED TWENTY & NO/100 ($1,920.00) DOLLARS. Thereafter, defendant filed a motion for a new trial on January 22, 1979, which motion was denied on February 16, 1979. The plaintiff was granted a suspensive appeal to this court on March 20, 1979.
On June 6, 1979, defendant-appellant filed this motion to remand contending that certain new evidence presented in a corresponding proceeding entitled him to a rehearing in the trial court. The record in this case indicates that in addition to the instant suit, plaintiff also sought to recover workman's compensation benefits from her employer, Community Rice Mill, Inc., as a result of her accident. This action was also brought in the Thirteenth Judicial District Court before the Hon. Joseph E. Coreil and judgment was rendered on May 17, 1979, awarding plaintiff workmen's compensation totaling THREE THOUSAND ONE HUNDRED THIRTY TWO & 78/100 ($3,132.78) DOLLARS. In written reasons for judgment assigned on April 30, 1979, Judge Coreil found that the plaintiff was disabled from September 20, 1978 to November 6, 1978, and thus based the compensation award upon this period of disability. Apparently, defendant-appellant herein contends that this finding is inconsistent with the trial judge's determination in the instant action and that accordingly, he is entitled to introduce this evidence before the trial court in the tort action.
The authority of an appellate court to remand an action for proper consideration to the trial court is conferred in part by LSA-C.C.P. Art. 2164 which states:
"The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal ..." *789 Under the judicial interpretations given to this article, this court is empowered to remand a case for the consideration of new evidence. Roark v. May, 367 So.2d 397 (La. App. 3rd Cir. 1978), writ. ref., 368 So.2d 123 (La.1979); McKinney v. Levy, 212 So.2d 279 (La.App. 3rd Cir. 1968).
However, although an appellate court is empowered to remand a case, either for a new trial, or for the introduction of additional evidence, such a procedure is sparingly exercised. Herbert v. Traveler's Indemnity Co., 255 La. 645, 232 So.2d 463 (1970); Guilott v. Guilott, 326 So.2d 551 (La.App. 3rd Cir. 1976), writ den., 330 So.2d 316 (La.1976). Although a court should always remand a case whenever the nature and extent of the proceedings dictate such a course, nevertheless, whether or not any particular case should be remanded is a matter which is vested largely within that court's discretion and such power to remand should be exercised only according to the peculiar circumstances presented in each individual case. Turpin v. Turpin, 175 So.2d 357 (La.App. 2nd Cir. 1965); Brannon v. Zurich General Accident & Liability Co., 59 So.2d 836 (La.App.Orl.1952).
In this instance, defendant wishes this court to remand this case to the trial court for the introduction of plaintiff's workmen's compensation judgment for consideration of that court's finding as to disability. Essentially, defendant seems to contend that he is entitled to a reduction in the amount of damages in the tort action.
As authorized by the Louisiana jurisprudence and the Civil Code, an injured plaintiff may proceed to recover damages in a tort action against a tort-feasor and still maintain a workmen's compensation action against his employer. LSA-C.C. Art. 2315; Jackson v. Thomas, 75 So.2d 249 (La.App. Orl.1954). The duties and obligations of a person, who through his own fault injures another, to respond to the injuries of that person in damages is fixed by Article 2315 of the Civil Code. The fact that the injured person is an employee of another does not effect these obligations. See: Chauvin v. Louisiana Power & Light Co., 177 La. 193, 148 So. 23 (1933); Todd-Johnson Dry Docks v. City of New Orleans, 55 So.2d 650 (La. App.Orl.1951). The workmen's compensation statute itself recognizes this and is so constructed as to contemplate that usually the amount which would be awarded in a tort action would exceed the amount which the injured employee is entitled to recover under workmen's compensation. Thus, where a plaintiff in a tort action has already received workmen's compensation through injuries sustained, his recovery against the tort-feasor is not limited by that amount already received in compensation. Jackson v. Thomas, supra.
Clearly, in this instant case, the plaintiff was entitled both to proceed to recover her damages in a tort action and to receive compensation for her injuries from her employer in a workmen's compensation proceeding. The mere fact that plaintiff's recovery was greater in her tort action than that awarded to her in the workmen's compensation suit is insufficient evidence to merit the exercise of this court's discretionary right to grant appellant's requested motion to remand for the introduction of this evidence.
For the reasons assigned, the motion to remand is denied.
MOTION DENIED.