STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 07-214 consolidated with CA 07-215


STATE OF LOUISIANA, THROUGH THE SABINE RIVER AUTHORITY

VERSUS

MEYER & ASSOCIATES, INC., ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 57,613
HONORABLE ROBERT EDWARD BURGESS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.


**AFFIRMED.**

Travis Louis Bourgeois
Degan, Blanchard & Nash
400 Poydras Street, Suite 2600
New Orleans, LA 70130
(504) 529-3333
Counsel for Third Party Appellee:
Mays Construction, LLC

Carlton Jones
Roedel, Parsons, Koch, Blache, Balhoff, & McCollister, A L.C.
8440 Jefferson Hwy., Suite 301
Baton Rouge, LA 70809
(225) 929-7033
Counsel for Defendant/Appellant:
Pat Williams Construction, Inc.

**Craig L. Kaster**
**Craig L. Kaster & Associates**
**P.O. Box 815**
**Zachary, LA 70791**
**(225) 658-5450**
**Counsel for Defendant/Appellant:**
**Prestridge Painting, LLC**

**SAUNDERS, Judge.**

This case arises from the construction of the Cypress Bend Conference Center (hereinafter "the conference center"). Two general contractors were sued by the State of Louisiana, through the Sabine River Authority, for damages related to mold and moisture intrusion. In response, one of the general contractors filed third party demands against various subcontractors. That general contractor had already reached settlement with the two subcontractors party to this appeal on issues stemming from the same conference center project.

Both subcontractors filed Exceptions of Res Judicata based upon the settlements they respectively reached with the general contractor. The trial court granted both exceptions and the general contractor appealed.

We affirm the trial court's granting of the Exceptions of Res Judicata. We assess all costs of this appeal to the general contractor.

**FACTS AND PROCEDURAL HISTORY:**

This case results from the construction of the Cypress Bend Conference Center located near Many, Louisiana, on property owned by the Sabine River Authority. In 1998, after a public bid, the Sabine River Authority contracted with Pat Williams Construction (hereinafter "Pat Williams") to build the conference center on Toledo Bend Reservoir. Pat Williams thereafter subcontracted with Prestridge Painting, LLC (hereinafter "Prestridge") to provide and install tape, float, corner bead, paint and wall covering at the conference center.

After the conference center project was completed, Prestridge and Pat Williams filed claims against each other and the matter was referred to arbitration. On September 11, 2001, the arbitrator awarded Prestridge $64,207.26 and dismissed Pat Williams' counterclaim related to the conference center project. As a result of Pat

Williams failing to voluntarily pay the arbitration award, Prestridge prepared a rule to show cause to enforce the arbitration award. Prior to the hearing on the rule to show cause, Pat Williams and Prestridge reached a settlement.

Pat Williams also subcontracted with Mays Construction, LLC (hereinafter "Mays") to install the suspended ceiling, metal framing, drywall, roof installation and fiberglass reinforced plastic panels at the conference center. After the conference center project was completed, Pat Williams disputed the amount of money that Mays claimed it was owed for work done on the project. Mays filed a Demand for Arbitration on March 21, 2003, seeking payment of $26,740.19, which Mays claimed it was owed for its work at the conference center. Pat Williams filed an answer seeking over $100,000 in delay damages. On May 20, 2003, prior to any arbitration, Pat Williams and Mays reached a settlement.

On November 10, 2004, a petition for damages was filed on behalf of the State of Louisiana, through the Sabine River Authority, against Pat Williams Construction alleging construction defects in the conference center that resulted in development of mold and moisture intrusion. On August 17, 2006, Pat Williams Construction filed a third party demand against both Prestridge and Mays, along with many other subcontractors, seeking indemnification for any damages that the Sabine River Authority was awarded in the principle claim associated with their respective subcontracts.

Both Prestridge and Mays filed a Peremptory Exception of Res Judicata based upon transaction or compromise agreements they had entered into with Pat Williams. Based upon these agreements, the trial court sustained both Peremptory Exceptions of Res Judicata and released Prestridge and Mays from the suit.

2

Pat Williams filed an appeal alleging the trial court's rulings were in error. We affirm the trial court's rulings and assess all costs of this appeal to Pat Williams.

**ANCILLARY MATTER**:

Pat Williams has filed a Motion to Supplement the Record or, in the alternative, to remand the case to the trial court for consideration of new evidence. We hereby deny its motion.

Pat Williams' motion is an attempt to supplement the record. Louisiana Code of Civil Procedure article 2132 provides:

> A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.

Pat Williams' motion does not seek to correct any facts or misstatements, nor does it allege any deficiencies in the record. Its motion seeks to enter into the record depositions taken after the hearings on Prestridge and Mays' Peremptory Exceptions of Res Judicata. This is a request to enter into the record new evidence not heard by the trial court. An appellate court is not vested with the right to hear new evidence not part of the record in the trial court. See *White v. W. Carroll Hosp., Inc.*, 613 So.2d 150 (La.1992). Thus, this request to supplement the record is denied.

In the alternative, Pat Williams asked that the case be remanded to the trial court for submission of the new evidence. Remanding a case to the trial level for introduction of evidence is solely discretionary and is "sparingly exercised." *Jones v. LeDay*, 373 So.2d 787, 789 (La.App. 3 Cir. 1979); La.Code. Civ.P. art. 2164. However, in order to prevent a miscarriage of justice, an appellate court should determine whether to use this discretionary power on a case-by-case basis. *Jones*,

373 So.2d 787.

Here, Pat Williams is seeking to introduce parole evidence to vitiate the meaning of the language used in the settlement compromises it reached with both Prestridge and Mays. Such evidence is only used when the terms of an agreement are ambiguous. We find in both assignments of error that such evidence is not necessary as we find both agreements clear, explicit and unambiguous. As such, Pat Williams' request to remand the case to the trial court for admission of new evidence is also denied.

**ASSIGNMENT OF ERROR #1:**

Pat Williams asserts that the trial court erred by sustaining the Exception of Res Judicata filed by Prestridge given that there is no evidence in the record that the claims of mold and moisture intrusion existed when Prestridge and Pat Williams arbitrated issues related to the construction of the Cypress Bend Conference Center. We disagree.

If the Peremptory Exception of Res Judicata is raised prior to the case being submitted, and if evidence is received from both parties, then the standard of review for a ruling on whether to sustain that exception is manifest error. *Ortego v. State, through the Dep't. of Transp. and Dev.*, 96-1322 (La. 2/25/97), 689 So.2d 1358.

The Peremptory Exception of Res Judicata is ordinarily based upon a final judgment between the parties, however, when parties put an end to a lawsuit by adjusting their differences and entering into a written transaction or compromise; that written instrument has the effect of a thing adjudged between the parties. *Bowden v. State Farm Mut. Auto. Ins. Co.*, 150 So.2d 655 (La. App. 3rd Cir. 1963).

Louisiana Civil Code Article 3078, in pertinent part, states, "Transactions

4

have, between the interested parties, a force equal to the authority of things adjudged." As such, the basis for pleading the Peremptory Exception of Res Judicata can be a valid transaction or compromise entered into by the parties. *Brown v. Drillers, Inc.*, 93-1019 (La. 1/14/94), 630 So.2d 741.

Interpretation of the written transaction or compromise instrument is governed by the rules of construction generally applicable to contracts. *Brown*, 630 So.2d 741. "Interpretation of a contract is the determination of the common intent of the parties. La.Civ.Code art. 2045. In attempting to determine the common intent of the parties, first, a court must look to the language of the written instrument. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ.Code art. 2046.

In the case before us, Pat Williams and Prestridge entered into a valid transaction or compromise. The pertinent language in that agreement is as follows:

> Prestridge and Williams hereby do release, acquit and forever discharge each other to include their insurers, directors and/or officers for *any and all* past, present, and/or *future* claims, demands, loses, damages, causes of action, and rights of action whatsoever to which either party is entitled against the other, *resulting from or arising out of the project* and agreement. (Emphasis added.)

The "projects" as defined in the agreement include the construction of the G-2 Conference Center and the Alexandria Housing Authority. Here, Pat Williams has brought a third party claim against Prestridge for a future claim resulting from or arising out of one of the "projects," the G-2 Conference Center. As such, it is clear from the language of the transaction or compromise that Pat Williams released Prestridge from this third party claim it has asserted.

Pat Williams argues that the transaction or compromise did not include the claims related to moisture and mold at the conference center as it did not know that

5

those claims existed when it entered into the agreement. This argument lacks merit.

Pat Williams cites *Brown*, 630 So.2d 741, to bolster its contention that the settlement agreement in the case before us should not be stretched to include future claims. The *Brown* case involved the beneficiaries of a tort victim bringing a wrongful death action after the tort victim and his wife signed a settlement agreement releasing various defendants. Unlike the case before us, the court in *Brown* found ambiguity in the language of the settlement agreement as to whether the potential wrongful death claims of the tort victim's beneficiaries were released. In *Brown*, the court noted that "the instrument does not clearly contemplate a release of future wrongful death claims." *Id* at 746.

Here, there is no such ambiguity. Clearly, had Pat Williams wanted to prevent its release of unknown future claims, it would not have agreed to release Prestridge from "any and all future claims." It is counterintuitive for Pat Williams to agree to this language and then claim its understanding was only to release Prestridge from those future claims it had knowledge would eventually exist. As such, given the clear and explicit language of the agreement, it was not unreasonable for the trial court to find that the transaction or compromise included the third party claim Pat Williams brought against Prestridge.

In oral argument, Pat Williams points out it did not sign the settlement agreement in the record between it and Prestridge and contends that it has no knowledge if the agreement in the record accurately reflects the settlement document it and Prestridge confected. It is true that the settlement agreement Prestridge entered into evidence is not signed by Pat Williams or any of its representatives. However, it is also true that Pat Williams did not contest the authenticity of the agreement

6

submitted by Prestridge at the res judicata hearing. Moreover, Pat Williams did not raise any assignment of error regarding this issue, nor did it even bring this issue to light in brief.

An appellate court cannot consider an argument not considered in the court below as it has not been addressed. *Boudreaux v. State, Dep't. of Transp. and Dev.*, 01-1329 (La. 2/26/02), 815 So.2d 7. Given that Pat Williams did not raise the issue of the authenticity of the settlement agreement entered into the record prior to the appellate level, that argument has been waived. *Dean v. Southmark Constr.*, 03-1051 (La. 7/6/04), 879 So.2d 112.

Accordingly, we find that Pat Williams' claim that the trial court erred by sustaining the Peremptory Exception of Res Judicata filed by Prestridge is without merit. As such, we affirm the trial court's ruling.

**ASSIGNMENT OF ERROR #2:**

Pat Williams asserts that the trial court erred by sustaining the Exception of Res Judicata filed by Mays given that there is no evidence in the record that the claims of mold and moisture intrusion existed when Mays and Pat Williams began arbitration proceedings in 2003, or when they entered into the July 10, 2003, release. Again, we disagree.

As in Assignment of Error #1, the standard of review for this assignment of error is that of manifest error. Mays and Pat Williams, like Prestridge and Pat Williams, entered into a valid transaction or compromise. Also, as before, if the language of the written transaction or compromise clearly and explicitly includes a mutual consent of the parties to settle all of their differences regarding an object that arises from the same transaction or occurrence as the current suit, then that suit is

7

barred by the Peremptory Exception of Res Judicata.

In the case of Mays, the pertinent language in the transaction or compromise is as follows (Emphasis added):

> For and in consideration of the agreements above by Mays, PWC [Pat Williams Construction] does hereby release, acquit, and forever discharge Mays. . . from *all claims*, causes of action, demands, rights, damages, costs, expenses, attorney's fees, and any compensatory, consequential (including lost profits and lost revenue) and pecuniary damages, and any loss of any kind whatsoever under contract, statute, or law *which PWC now has, or which may hereafter accrue on account of or in any way relating to or arising out of the Project* and/or any and all claims set forth or which could have been set forth in the Arbitration.

The transaction or compromise agreement defines "the Project" as "Resort Conference Center Complex, 2000 Cypress Bend Parkway, Many, Louisiana 71449, Contract 'G2'. . . ." Thus, according to the clear language of the agreement, Pat Williams released Mays from all claims which it then had, or which thereafter accrued in any way related to, or arising out of, the conference center project. As such, it is clear from the language of the transaction or compromise that Pat Williams released Mays from this third party claim it has asserted.

Again, Pat Williams argues that it could not release Mays from a claim it did not know existed at the time of entering into the agreement. Just as in Assignment of Error #1, that argument lacks merit.

If Pat Williams was concerned about future claims, then it would not have agreed to include language that very clearly releases Mays from any claims whatsoever that "which may hereafter accrue on account of or in any way relating to or arising out of the Project ." Therefore, it was not unreasonable for the trial court to find that the clear, explicit language of the transaction or compromise necessitates a finding that Pat Williams released this third party claim against Mays.

Accordingly, we find that the trial court did not err by releasing Mays from the

suit. Thus, we affirm its ruling on Mays' Peremptory Exception of Res Judicata.

**CONCLUSION:**

Pat Williams raised two assignments of error. We affirm the trial court on both assignments. All costs associated with this appeal are to be paid by Pat Williams.

**AFFIRMED.**