NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

JAC 14-517

STATE IN THE INTEREST OF

D.A., Dy.G., De.G., D.D., AND Z.K.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 201439, DIVISION E
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.

**REMANDED.**

**Michael Harson**
**District Attorney**
**Fifteenth Judicial District Court**
**Sharon Michelle M. Breaux**
**Assistant District Attorney**
**P. O. Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Tracey Davenport-McGraw**
**OCS - Indigent Defender**
**P. O. Box 931**
**Rayne, LA 70578**
**(337) 334-1576**
**COUNSEL FOR APPELLEE:**
**T. B.(father of De. G)**

**Paula Murphy**
**Acadiana Legal Services**
**1020 Surrey Street**
**Lafayette, LA 70501**
**(337) 237-4320**
**COUNSEL FOR APPELLEE:**
**D. A. (child)**
**Dy. G. (child)**
**De. G. (child)**
**D. D. (child)**
**Z. K. (child)**

**Jane Hogan**
**Public Defenders Office**
**600 Jefferson Street, Suite 902**
**Lafayette, LA 70501**
**(337) 232-9345**
**COUNSEL FOR APPELLANT:**
**L. G. (mother)**

**LaShonda G. Derouen**
**425 W. Vermilion Street**
**Lafayette, LA 70501**
**(337) 237-4300**
**COUNSEL FOR APPELLEE:**
**T. B.(father of De. G)**

**Casa Coordinator**
**c/o Casa of Acadiana**
**1819 W. Pinhook Rd., #103**
**Lafayette, LA 70508**
**COUNSEL FOR APPELLEE:**
    **Casa of Acadiana**

**Katrina Cetnar**
**CWSII, Brandywine II**
**825 Kaliste Saloom Road, #104**
**Lafayette, LA 70508**
**(337) 262-1555**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana Department of Social Services**

**EZELL, Judge.**

L.G. appeals the decision of the trial court below finding her five children, D.A., Dy.G., De.G., D.D., and Z.K., to be children in need of care. For the following reasons, we hereby remand this case for completion of the record.

On February 25, 2012, L.G. gave birth to her second-youngest child, D.D. Around the same time, the Department of Child and Family Services (DCFS) received a report that D.D.'s meconium tested positive for marijuana. D.D. was also born with syphilis. At this time, DCFS opened a Family Services case on L.G. but did not remove her children. As part of her Family Services plan, L.G. was to undergo substance abuse treatment, which she failed to do. Although it is undisputed that L.G. did not comply with her Family Services plan, DCFS never removed her children and eventually closed L.G.'s 2012 Family Services case plan, noting that while L.G. was non-compliant, there was no imminent risk to her children's safety. After closing the case, DCFS did not have any contact with L.G. until the instant matter.

Roughly two years later, L.G. gave birth to her youngest child, Z.K. That child also was born with a positive test for marijuana in her meconium and syphilis. DCFS sought an instanter order of removal for not just Z.K., but also for L.G.'s four older children, which was granted by the trial court. The children were ordered into the custody of the State.

On March 25, 2014, an adjudication hearing and disposition was held for D.A., Dy.G., De.G., and D.D. The father of Z.K. was not present, and so the matter as to this child was continued until April 15, 2014, to allow for the appointment of a curator. On March 25, the trial court found the four oldest children to be children in need of care and ordered them to remain in State custody. From that decision, L.G. appeals.

La.Code Civ. Proc. Ann. art. 2164 provides that an "appellate court shall render any judgment which is just, legal and proper upon the record on appeal." It is well settled that an appellate court is empowered under this article to remand a case to the district court for the taking of additional evidence where it is necessary to reach a just decision and to prevent a miscarriage of justice. *Vallo v. Gayle Oil Company, Inc.,* 94-1238 (La.11/30/94), 646 So.2d 859, 866. Although a court should always remand a case whenever the nature and extent of the proceedings dictate such a course, whether or not any particular case should be remanded is a matter which is vested largely within the court's discretion and depends upon the circumstances of the case. *Jones v. LeDay,* 373 So.2d 787, 789 (La.App. 3 Cir.1979).

*Alex v. Rayne Concrete Serv.,* 05-1457, 05-2344, 05-2520, p. 23 (La.1/26/07), 951 So.2d 138, 155.

Examination of the record reveals that it does not contain the disposition or transcript from Z.K.'s adjudication hearing. Because the record lacks the trial court's judgment on Z.K., we cannot determine the merits of this matter as to that child. Therefore, we must pretermit ruling on this appeal because the record contains no judgment at all for our review as to her. Rather than ruling on the four oldest children alone, we hereby remand this case for completion of the trial record so L.G.'s appeal may be properly heard as to all five of her children at once.

For the above reasons, we hereby remand this case to the trial court for the purpose of completing the record to include the judgment and transcript of the adjudication as to Z.K. Because counsel for L.G. requested the transcript be placed in the record, but had that request denied by the trial court, L.G. has no fault in this omission. Accordingly, costs of this appeal of $480.10 are to be assessed against the State.

**REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICTION. Uniform Rules—Courts of Appeal. Rule 2–16.3.