STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-657


RICHARD G. DAVID, ET AL.

VERSUS

DIONE W. DAVID, ET AL.


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 122840, DIVISION C
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese, Judges.


AFFIRMED.


Ed W. Bankston
Attorney at Law
P. O. Box 53485
Lafayette, LA 70505
(337) 237-4223
COUNSEL FOR PLAINTIFF/APPELLANT:
    Richard G. David

**L. E. "Tony" Morrow, Jr.**
**The Law Offices of Tony Morrow**
**323 East University Avenue**
**Lafayette, LA 70503**
**(337) 233-9515**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Dione W. David**

**SAUNDERS, Judge**

Richard G. David (hereafter "Appellant") appeals the trial court's grant of an exception of res judicata in favor of Dione W. David (hereafter "Appellee"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant and Appellee were married on March 3, 1973, and divorced on November 6, 2009. At the time of their divorce, there were five businesses and nine pieces of real estate at issue for partition. During the pendency of the partition, Appellee was given occupancy and use one of the community's businesses, Dede's Wholesale Florist, Inc. (hereafter "Dede's").

After a lengthy trial, a judgment of partition was rendered, allocating all of Dede's assets to Appellant. Additionally, $200,000 in business debt associated with Dede's was allocated to Appellant. After allocating the assets and debts of the community, the trial court assigned payments to equalize the net community assets. Appellant appealed from the partition judgment, asserting that Appellee mismanaged Dede's, leaving him unfairly with the debt associated with Dede's. The judgment was amended to reallocate some of the community assets and debts and to reduce the equalizing payment due from Appellant to Appellee. The judgment was affirmed as amended.

These parties came before this court again when a suit on open account was brought by Louisiana Wholesale Florists, Inc. against Dede's, the corporation, and Appellant and Appellee, in their capacities as co-owners of Dede's (hereafter "the LWF suit"). Appellee asserted a cross-claim against Appellant, alleging that he was awarded full ownership of Dede's. Appellant asserted a cross-claim against Appellee, alleging that, during the time Dede's was managed and controlled by Appellee, she "failed to comply with the instructions and orders of the Court" and

"wasted" it. Following trial, the court rendered judgment dismissing Appellant's cross-claim with prejudice.

Thereafter, Appellant filed a Petition for Damages on July 9, 2013, again alleging Appellee "wasted the business." On August 28, 2013, Appellee answered the suit, asserting an exception of res judicata. Judgment on the exception was rendered in favor of Appellee on October 30, 2013, and signed on November 22, 2013. The judgment ordered Appellant to pay $1,306.75 in attorney fees and $115.45 in expenses. It is from this judgment that the instant appeal arises. Appellee answered the appeal, requesting an increase in the award of attorney's fees and damages for frivolous appeal.

**ASSIGNMENTS OF ERROR:**

In his appeal, Appellant raises the following assignments of error:

1.     the trial court erred in granting Appellee's exception of res judicata; and

2.     the trial court erred in granting Appellee's request for attorney fees.

**ASSIGNMENT OF ERROR NUMBER ONE:**

Appellant asserts that the trial court erred in granting Appellee's exception of res judicata. In support of this assignment, Appellant asserts the instant matter began with a suit by Dede's, the corporation, against Appellee; thus, the parties in the instant matter are not the same parties in the same capacities as the prior litigation. Appellant further asserts that several issues alleged in his petition have not been litigated in the prior suits. For the following reasons, we find this assignment of error lacks merit.

When an exception of res judicata is raised prior to submission of the case for decision, an appellate court must review a ruling sustaining the exception for manifest error. *Jones ex rel. Jones v. GEO Grp., Inc.*, 08-1276 (La.App. 3 Cir.

2

4/1/09), 6 So.3d 1021 (citing *State ex rel. Sabine River Auth. v. Meyer & Assocs. Inc.*, 07–214, 07–215 (La.App. 3 Cir. 10/3/07), 967 So.2d 585).

The doctrine of res judicata is set forth in La.R.S. 13:4231, which provides, in pertinent part:

> (2) If judgment is in favor of the defendant, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

> Quoting *Burguieres v. Pollingue*, 02–1385, p. 7 (La.2/25/03), 843 So.2d 1049, 1053, the supreme court reiterated the five elements that must be established in order for a judgment to have a res judicata effect on a second action:

> (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*In re Succession of Bernat*, 13-277, pp. 3-4 (La.App. 3 Cir. 10/9/13), 123 So.3d 1277, 1281, *writ denied*, 13-2640 (La. 2/7/14), 131 So.3d 865.

**Is the instant matter between the same parties as the prior litigation?**

A shareholder does not have an individual right of action against the directors and officers of a corporation for alleged wrongs which may have caused damage to the corporation. *Boyer v. Stric-Lan Companies Corp.*, 04-872 (La.App. 3 Cir. 11/10/04), 888 So.2d 1037 (citing *Glod v. Baker*, 02-988 (La.App. 3 Cir. 8/6/03), 851 So.2d 1255, *writ denied*, 03-2482 (La. 11/26/03), 860 So.2d 1135). Instead, any right of action for wrongs to the corporation is an asset of the corporation, which may only be asserted in a shareholder's derivative suit. *Id.*

Pursuant to La.Code Civ.P. art. 615, a petition in a shareholder's derivative suit must:

(1) Allege that the plaintiff was a shareholder, partner, or member at the time of the occurrence or transaction of which he complains, or that his share, partnership, or membership thereafter devolved on him by operation of law.

(2) Allege with particularity the efforts of the plaintiff to secure from the managing directors, governors, or trustees and, if necessary, from the shareholders, partners, or members, the enforcement of the right and the reasons for his failure to secure such enforcement, or the reason for not making such an effort to secure the enforcement of the right.

(3) Join as defendants the corporation or unincorporated association and the obligor against whom the obligation is sought to be enforced.

(4) Include a prayer for judgment in favor of the corporation or unincorporated association and against the obligor on the obligation sought to be enforced.

(5) Be verified by the affidavit of the plaintiff or his counsel.

Appellant's petition fails to comply with the statutory formalities required to constitute a shareholder's derivative suit. He does not allege he was a shareholder in Dede's at the pertinent times. Further, he did not join the corporation as a defendant. Rather, the only defendant in his suit is Appellee. The caption of the petition states that suit is brought against Appellee, individually and as shareholder of Dede's. Finally, Appellant did not pray for judgment in favor of the corporation; instead, he prayed for judgment in his own favor. In light of this plain failure to comply with the requirements of a shareholder's derivative suit, we conclude that the trial court did not commit manifest error in concluding that Appellant's petition is yet another suit by Appellant against Appellee. Thus, the record supports the conclusion that the instant matter involves the same parties as the partition suit and the cross-claims by Appellant against Appellee.

4

**Does the cause of action arise out of the transaction or occurrence that is the subject matter of the prior litigation?**

Appellant asserts that several issues alleged in his petition have not been litigated in the prior suits. We disagree.

Louisiana Revised Statutes 13:4231 provides that "all causes of action existing at the time of final judgment [which] aris[e] out of the transaction or occurrence that is the subject matter of the litigation are extinguished" when judgment has been rendered in favor of the defendant.

In the partition suit, Appellant alleged Appellee mismanaged Dede's, which unfairly left him with the debt associated with Dede's. A panel of this court addressed this assertion, finding it "unsupported." *David v. David*, 12-1051, p. 14 (La.App. 3 Cir. 4/10/13), 117 So.3d 148, 157, *writ denied*, 13-1541 (La. 10/4/13), 122 So.3d 1023. The panel further noted that Appellant's "own behavior affected the business negtively." *Id.* at 158.

In the LWF suit, Appellant brought a cross-claim against Appellee asserting that, during the time Dede's was being managed and controlled by Appellee, she "failed to comply with the instructions and orders of the Court" and "wasted" it. He prayed for judgment in his favor for "her improprieties with respect to Dede's Wholesale Flowers, Inc." Following trial, the court rendered judgment dismissing with prejudice "the Cross-claim filed by [Appellant] against [Appellee], alleging mis-management [sic], wasting, and/or improprieties of any sort of Dede's Wholesale Florists, Inc."

In both the partition suit and the LWF suit, Appellant alleged some form of mismanagement of Dede's by Appellee. In each suit, judgment was rendered on this issue in favor of Appellee. Each and every allegation made by Appellant in the instant suit is an allegation of some sort of mismanagement of Dede's by

5

Appellee. The allegations of mismanagement have already been litigated in the partition suit and the LWF suit. Thus, we conclude the trial court did not err in granting Appellee's exception of res judicata.

**ASSIGNMENT OF ERROR NUMBER TWO:**

In his second assignment of error, Appellant asserts that the trial court erred in awarding attorney fees and costs to Appellee. In support of his argument, he asserts the "American Rule, [requires] each party pays its own attorney[] fees." For the reasons articulated below, we find this assignment of error lacks merit.

"Louisiana law does not allow for an award of attorney fees except where specifically provided for by statute or contract." *Holt v. Ace Am. Ins. Co.*, 14-380, p. 6 (La.App. 3 Cir. 10/1/14), __ So.3d __, __ (citing *State, Dep't of Transp. & Dev. v. Williamson*, 597 So.2d 439 (La.1992)). However, La.Code Civ.P. art. 863(D) authorizes a trial court to award "reasonable expenses," including attorney's fees, when a pleading is interposed for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

As a panel of this court explained in *Acosta v. B & B Oilfield Services, Inc.*, 12-122, p. 5 (La.App. 3 Cir. 6/6/12), 91 So.3d 1263, 1267:

> When considering the imposition of sanctions on appeal, an appellate court must apply two standards of review which are explained as follows:
>
>> A trial court's determination regarding the imposition of sanctions is subject to the manifest error or clearly wrong standard of review. Once the trial court finds a violation of La.[Code Civ.P.] art. 863 and imposes sanctions, the determination of the type and/or the amount of the sanction is reviewed on appeal utilizing the abuse of discretion standard. *Stroscher v. Stroscher*, 2001–2769 (La.App. 1st Cir.2/14/03), 845 So.2d 518, 526; *Connelly v. Lee*, 96–1213 (La.App. 1st Cir.5/9/97), 699 So.2d 411, 414, *writ denied*, 97–2825 (La. 1/30/98), 709 So.2d 710.
>
> *Slaughter v. Bd. of Sup'rs of S. Univ. and Agric. and Mech. Coll.*, 10–1114, p. 6 (La.App. 1 Cir. 8/2/11), 76 So.3d 465, 469–70, *writ denied*,

6

11–2112 (La. 1/13/12), 77 So.3d 970; *Mor–Tem Risk Mgmt. Servs., Inc. v. Shore*, 43,169 (La.App. 2 Cir. 3/19/08), 978 So.2d 588.

Louisiana Code of Civil Procedure Article 863 provides the requisite specific statutory authorization for an award of attorney fees and costs. Accordingly, we find no error in the trial court's award of attorney fees and costs to Appellee.

**ANSWER TO APPEAL**

Finally, in her answer to the appeal, Appellee asserts the trial court erred in failing to award attorney fees in the amount she actually incurred in defending the litigation and requests damages for frivolous appeal. However, pursuant to La.Code Civ.P. art. 2133, when a litigant wishes to have the judgment modified, revised, or reversed, or demands damages against an appellant, the litigant is required to answer the appeal no later than fifteen days after the return day or lodging of the record, whichever is later. *Bolzoni v. Theriot*, 95-1233 (La.App. 3 Cir. 3/6/96), 670 So.2d 783, *writ denied*, 96-718 (La. 4/26/96), 672 So.2d 908 (citing *Mai v. Blair*, 634 So.2d 1202 (La.App. 3 Cir.1993)).

Appellee failed to file an answer within the fifteen-day time limit set forth by La.Code Civ.P. art. 2133; therefore, Appellee's requests for an increased award of attorney fees and for damages for frivolous appeal are untimely and are denied.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed in all respects. Costs of this appeal are assessed to Appellant.

**AFFIRMED.**