NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-623

PATRICIA LYNN DILLANE

VERSUS

ANTHONY KENNETH DILLANE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20146220
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and D. Kent Savoie, Judges.

AFFIRMED.

**James D. Bayard**
**Onebane Law Firm**
**P. O. Box 3507**
**Lafayette, LA 70502-3507**
**(337) 237-2660**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Anthony Kenneth Dillane**

**John W. Joyce**
**Laurence D. LeSueur, Jr.**
**Barrasso, Usdin, Kupperman, Freeman & Sarver, L.L.C.**
**909 Poydras Street, 24th Floor**
**New Orleans, LA 70112**
**(504) 589-9700**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Patricia Lynn Dillane**

**SAUNDERS, J.**

In this action Plaintiff sought to enforce an out-of-state, post-divorce mediation agreement against Defendant. The Florida trial court found Defendant in contempt for failing to adhere to the conditions of the mediation agreement. Plaintiff brought this suit to enforce the terms of the agreement in Louisiana where Defendant now resides. Defendant raised several exceptions, in particular an exception of res judicata. The Louisiana trial court sustained this exception for res judicata and dismissed Plaintiff's suit. Plaintiff appeals. We affirm.

**FACTS AND PROCEDURAL HISTORY:**

Patricia Dillane, hereinafter "Plaintiff," and Anthony Dillane, hereinafter "Defendant," were married in London, England on August 3, 1981, and divorced in Florida on September 15, 1997. The parties have two children together, both of whom have reached the age of majority by the time of this suit.

The final judgement of divorce contained the parties' agreements on custody, child support, and alimony, and it also contained language detailing a mediation agreement which required Defendant to maintain a life insurance policy listing Plaintiff as the irrevocable beneficiary with a minimum amount of insurance of $175,000.00. The policy was intended to secure his child support and alimentary obligations. Defendant did not purchase the policy, and Plaintiff did not pursue enforcement of this agreement until 2013.

Defendant currently resides in Louisiana. Defendant has fulfilled his child support obligations as of 2004, and has paid Plaintiff approximately $110,000.00 between 1997 and 2013 in permanent alimony. Defendant has continued to pay Plaintiff $500.00 each month as set in their divorce proceedings.

Plaintiff filed a Motion for Civil Contempt and Enforcement in a Florida court for Defendant's failure to maintain a life insurance policy in the amount of

$175,000.00. At the hearing for this motion, the Florida judge found Defendant to be in civil contempt for failing to maintain a life insurance policy as detailed in the mediation agreement; however, no sanctions were imposed against Defendant, and Plaintiff's request for a money judgment and attorney's fees was denied. Neither post-trial motions nor an appeal were taken after this hearing and judgment.

On March 10, 2014, Plaintiff filed a Motion to Enforce the Order for Civil Contempt in Florida and requested that the court enter an order of confinement until Defendant complied with the original terms of the mediation agreement or agreed to grant her a cash settlement for the value of the life insurance policy in the amount of $126,274.75, a sum equal to the present value of a $175,000.00 life insurance policy.

A hearing was held before the General Magistrate on July 22, 2014. The motion was denied since the previous judgment from November 4, 2013, did not order or compel Defendant to obtain the insurance policy, nor did it set a "purge/payment condition," but rather, the judgment only found Defendant to be in contempt. Additionally, no specific performance was ordered in the previous judgment. The General Magistrate found that it "was not appropriate to request that he award the very relief [that was] already considered and denied." No post-trial motions or appeals were taken from this second hearing and judgment.

On December 12, 2014, Plaintiff filed an Ex Parte Petition for Enforcement of a Foreign Judgment in Lafayette Parish, Louisiana. On December 19, 2014, the trial court ordered that the Florida judgment was entitled to full faith and credit in Louisiana and was thereby executory. On October 26, 2015, Plaintiff filed a Rule to Show Cause and requested that the Louisiana court enforce the life insurance provision.

On November 13, 2015, Defendant filed, in response to Plaintiff's Rule to Show Cause, the exceptions of res judicata, no cause of action, lack of personal jurisdiction, and unauthorized use of summary proceedings. A hearing was held on the exceptions on March 21, 2016. The trial court granted Defendant's exception of res judicata and found that the Florida proceedings arose out of the same transaction or occurrence in the subject of Plaintiff's Rule to Show Cause and that the Florida judgments were final, thus barring Plaintiff from litigating the same suit in Louisiana. Plaintiff appealed.

**ASSIGNMENT OF ERROR:**

The district court erred by granting Defendant's peremptory exception of res judicata because Plaintiff's Rule to Show Cause requests a new, different demand for relief that has never been adjudicated and, therefore, cannot be barred by res judicata under La.R.S. 13:4232(B) as a matter incidental to divorce.

Alternatively, Plaintiff contends that even if La.R.S. 13:4232(B) does apply, the district court erred in its failure to consider the equitable exception to the res judicata statute.

**STANDARD OF REVIEW:**

When an exception of res judicata is raised prior to submission of the case for decision, an appellate court must review a ruling sustaining the exception for manifest error. *David v. David*, 14-657 (La.App. 3 Cir. 12/23/14, 2-3), 156 So.3d 219, *writ denied*, 15-171 (La. 4/24/15), 169 So.3d 356.

**DISCUSSION OF THE MERITS:**

In the sole assignment of error, Plaintiff contends that the district court erred by granting Defendant's peremptory exception of res judicata because Plaintiff's Rule to Show Cause requests a demand for relief that has never been adjudicated and, therefore, cannot be barred by res judicata under La.R.S. 13:4232(B) as a

matter incidental to divorce. Alternatively, Plaintiff contends that even if La.R.S. 13:4232(B) does apply, the district court erred in its failure to consider the equitable exception to the res judicata statute.

The doctrine of res judicata is set forth in La. R.S. 13:4231, which provides, in pertinent part:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

Quoting *Burguieres v. Pollingue*, 02-1385, p. 7 (La.2/25/03), 843 So.2d 1049, 1053, the supreme court reiterated the five elements that must be established in order for a judgment to have a res judicata effect on a second action:

> (1) the judgment is valid (2) the judgment is final (3) the parties are the same (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*David, 156 So.3d at 222.*

The central inquiry is not whether the second action is based on the same cause or causes of action, but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. La. R.S. 13:4231.

Plaintiff asserts that her demand for relief in the Rule to Show Cause has not been litigated in prior suits. We disagree.

The main subject of the litigation in Florida was Defendant's failure to obtain a life insurance policy as detailed by the mediation agreement in the parties' original divorce proceedings. Plaintiff successfully obtained a civil contempt order

against Defendant in the Florida courts. The case before us is clearly the same "[cause] of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation" in the Florida courts. La. R.S. 13:421(1).

Accordingly, "the cause or causes of action asserted in the second suit [in Louisiana] arose out of the transaction or occurrence that was the subject matter of the first litigation" in Florida. *Id.* Plaintiff clearly had the opportunity to fully litigate her Motion for Civil Contempt in the Florida courts, and she was successful in the suit for that particular motion. The Florida courts denied her request for sanctions, a money judgment, and for attorney fees, and, accordingly, we fail to see where the Louisiana trial court erred in their denial of this suit for the reasoning based in the doctrine of res judicata.

Plaintiff alternatively contends that this case falls into the language set forth under La. R.S. 13:4232(B), which states, in pertinent part:

> B. In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil Code Article 105, in an action for contributions to a spouse's education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated.

The mediation agreement and its life insurance policy provisions were not incidental matters under any of the code provision; they were not actions to determine custody, child support, or spousal support, nor were they part of an action to modify custody or support. As such, we find that Plaintiff's assertions regarding this segment of the law to be without merit.

Plaintiff further contends that the "equitable exception" to res judicata applies. Plaintiff originally sought a money judgment from the Florida court, not the enforcement of the mediation agreement and its provisions. Plaintiff had the

5

opportunity to appeal two judgments, as well as the chance to seek to amend these judgments in order to enforce the terms of the mediation agreement, but she failed to do so.

Upon her failure to seek further action in the Florida court, the judgments became final. The equitable exception to res judicata does not apply here where Plaintiff had ample opportunity to file the proper suit for Defendant's failure to obtain life insurance as stipulated in the mediation agreement and to appeal from those judgments denying her improper request for a money judgment. We cannot say that the trial court erred in its decision not to apply this exception, and, accordingly, find no exceptional circumstances in this suit worthy of the exception.

## DISPOSITION:

Plaintiff, Patricia Dillane, raised one assignment of error. For the foregoing reasons, we affirm the trial court's judgment dismissing Plaintiff's suit as res judicata. We assess all costs of this appeal to Plaintiff.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.