861 So.2d 278 (2003)
Steven J. QUICK and Lisa R. Quick, His Wife, Individually and on Behalf of their Minor Children Bradley, Jake and Bryce Quick
v.
RONALD ADAMS CONTRACTOR, INC., and Presco Amphibious Equipment, Inc.
No. 03-CA-751.
Court of Appeal of Louisiana, Fifth Circuit.
November 25, 2003.
Order Granting Rehearing in Part December 15, 2003.
*280 Brian J. Marceaux, Julius P. Hebert, Jr., Herbert & Marceaux, Houma, LA, Counsel for Plaintiff/Appellant, Presco Amphibious Equipment, Inc.
John Nickerson Chappuis, Ginger H. Welborn, Voorhies & Labbe, Lafayette, LA, Counsel for Defendant/Appellee, Eagle Pacific Insurance Company.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
THOMAS F. DALEY, Judge.
Presco Amphibious Equipment, Inc. (Presco), third party plaintiff, appeals the grant of summary judgment in favor of third party defendant, Eagle Pacific Insurance Company (Eagle), on the issue of duty to defend. After thorough consideration of the law and evidence, we reverse, finding that Eagle owed Presco a defense to this suit.
Eagle issued Presco both a Workers' Compensation Liability policy and an Employers Liability Insurance Policy. Plaintiff, Steven Quick (Quick), sued his employer, Presco, in tort for injuries he allegedly received while working in the course and scope of his employment. Quick previously claimed and was awarded Workers' Compensation benefits under Presco's Workers' Compensation Liability Policy with Eagle, after which he filed the tort suit against Presco alleging tort liability based on negligence and intentional tort. Presco filed a Third Party Demand against Eagle, alleging the existence of an Employers Liability Insurance Policy that provided coverage for the alleged incident, and arguing that Eagle owed Presco the duty to defend the Quick tort suit. Eagle filed a Motion for Summary Judgment, alleging two coverage exclusions in the Employers Liability Insurance Policy it issued to Presco; one exclusion for matters covered under workers' compensation, and another exclusion based upon intentional acts. Eagle argued that since there was no coverage for the alleged incident, it owed no duty to defend.
The trial court granted Eagle's Motion for Summary Judgment on June 6, 2002. The Notice of Judgment was sent to an old address for Presco's counsel, not the current address that appeared on all pleadings in this case. Presco filed a Motion for Summary Judgment on November 25, 2002, which was denied considering the Summary Judgment granted in favor of Eagle on June 6, 2002. Presco filed a Motion for New Trial for Re-Argument purposes only on December 3, 2002, which was denied on February 7, 2003.

ANALYSIS
As this court recently stated in Houghtaling v. Richardson, 01-208 (La. App. 5 Cir. 10/17/01), 800 So.2d 1012:
Generally, the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. Yount v. Maisano, [627 So.2d 148 (la.1993)]supra. The insurer's duty to defend suits brought against its insureds is determined by the allegations of the plaintiff's petition, and the insurer is obligated to defend the insured, unless the petition unambiguously excludes coverage. The allegations in the petition are to be construed liberally to determine *281 whether they state grounds bringing the claims within the scope of the insurer's duty to defend. Assuming all the allegations of the petition to be true, if there would be coverage under the policy and also liability to the plaintiff, the insurer must defend the suit, regardless of the outcome of the suit. The duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy. The duty to defend is determined solely from the plaintiff's pleadings and the face of the policy, without consideration of extraneous evidence. Yount v. Maisano, supra; KLL Consultants, Inc. [ v. Aetna Cas. & Sur. Co. of Illinois, 99-14(La.App. 5 Cir. 6/1/99), 738 So.2d 691], supra.
Eagle sold Presco both a Workers' Compensation Liability Policy and an Employers' General Liability Policy. We find that Eagle had a duty to defend Presco against Quick's suit, and that this duty arises out of the Workers' Compensation Liability Policy itself.
Quick's Petition alleged that he was an employee of Presco, and was instructed to change the motor that powered the tree cutter on one of Presco's swamp buggies. He alleged that the motor weighed approximately 200 pounds, and he was not provided any manual or mechanical assistance to remove and lift the motor. He alleged that the swamp buggy crews were shorthanded and that the labor shortage was known to Presco. He further alleged that Presco knew or should have known that the cutter mowers were breaking frequently on the job and needed to be replaced with regularity, and that the shorthanded personnel were sometimes required to change the 200 pound motors without assistance. Quick alleged that Presco knew not to require him, who was 5'2" and weighed only 114 pounds, to "manhandle" a motor without assistance, which Quick alleged was "substantially certain" to result in injury to him.
Quick alleged that his injuries were caused "solely, proximately and directly by the negligence and responsibility under the law of [defendant Presco] for failing to furnish [plaintiff] with a safe place to work, for the commissions [sic] and/or omissions of defendants ... for allowing operation to continue while shorthanded, for allowing conditions which were hazardous, dangerous, unsafe, for failure to warn of these operations and conditions, for failure to properly inspect and/or maintain the work premises, failure to have adequate and proper safety procedures, failure to comply with pertinent safety statutes, laws, standards and regulations, failure to provide competent crew and equipment, failure to provide proper training, and any other acts or omissions as may be learned through discovery or proved at trial."
Presco purchased two types of liability insurance from Eagle: a Workers' Compensation Liability Policy, and an Employers Liability Insurance Policy. Both policies purported to cover injury to an employee while in the course and scope of employment (see Part TwoEmployers Liability Insurance, Section A). We agree with the trial court that coverage was not afforded under the Employers Liability Insurance Policy because of the applicability of the "workers compensation" exclusion in that policy. Instead, we find that the Workers' Compensation Liability Policy provided the duty to defend.
In Eagle's policy to Presco, Part One Workers Compensation Insurance states, under Section C, entitled "We Will Defend:"
We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to *282 investigate and settle these claims, proceedings or suits.
We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.
We find that this language in the Workers' Compensation Liability Policy is sufficiently broad to encompass a duty to defend Presco against this suit. This is a "suit" by Quick against Presco ("you"), alleging the facts of an injury and damages to Quick that are covered by workers compensation insurance.
Workers' compensation is an employee's exclusive remedy against an employer for injuries arising in the course and scope of employment resulting from negligence. LSA-R.S. 23:1032. Eagle's Employers Liability Insurance Policy issued to Presco clearly excludes from coverage obligations imposed by Workers' Compensation Law, and to the extent that Quick's Petition alleges that he was in the course and scope of his employment, and injured by Presco's negligence, the Eagle Employers Liability Insurance Policy clearly excludes coverage because coverage is provided by the Workers' Compensation Liability Policy issued by Eagle to Presco.
We find that Quick's Petition did not allege an intentional tort. The Supreme Court in Reeves v. Structural Preservation Systems, 731 So.2d 208, 211 (La.1999), stated that the words "substantially certain to happen" did not allege an intentional tort. It is clear, considering the Supreme Court's definition in Reeves, that Quick's Petition did not allege an intentional tort, nor injury intentionally caused by Presco. The mere recitation of the words "substantially certain," in Quick's Petition, do not make these allegations ones of intentional tort. While the allegations of the petition are liberally interpreted in determining whether they set forth grounds that bring the claim within the scope of insurer's duty to defend a suit brought against an insured[1], allegations of fact, and not conclusions, contained in the petition, determine the obligation to defend. Yarbrough v. Federal Land Bank of Jackson, 31,815 (La.App. 2 Cir. 3/31/99), 731 So.2d 482.
We agree with the trial court's analysis that coverage is not afforded by the Employers Liability Insurance Policy because of Exclusion 4, which excludes coverage for any obligation imposed by a workers compensation law. But considering the entirety of the circumstances, most significantly that Eagle provided Presco with both Workers' Compensation Liability and Employers Liability coverage, we find untenable Eagle's position that it does not owe Presco a defense against this particular suit.
Accordingly, the judgments of the trial court are reversed.
REVERSED.

REHEARING GRANTED IN PART
Considering Third Party Plaintiff/Appellant Presco Amphibious Equipment, Inc.'s Motion For Rehearing, REHEARING IS GRANTED for the limited purpose of amending the disposition of the opinion rendered by this Court in the above captioned matter on November 25, 2003 to read: REVERSED; REMANDED FOR FURTHER PROCEEDINGS. In all other respects, the motion for rehearing is denied.
NOTES
[1] Yount v. Maisano, 627 So.2d 148 (La.1993).