WALTER J. ROTHSCHILD, Judge.
 

 bThis is an appeal by third party defendant, Sentry Insurance Company, from a summary judgment rendered in favor of Ryder Truck Rental, Inc. on the issue of
 
 *1156
 
 insurance defense and indemnification. For the reasons stated herein, we affirm.
 

 On July 28, 2004, Michael Bennett filed this Petition for Damages against Ryder Truck Rental, Inc. alleging that on July 24, 2003, he was operating a Ryder Truck in the course and scope of his employment with Big Shot Beverage, Inc.
 
 [1]
 
 While he was emptying the truck, the side truck door broke and slid down onto plaintiffs neck, causing him injury. Plaintiff alleged that Ryder was liable for negligence in failing to inspect and to maintain them vehicles and for breach of the contract between the parties. Plaintiff further alleged that the truck was unreasonably dangerous and that |sRyder was also liable as manufacturer of the truck pursuant to Louisiana Product Liability Law.
 

 Ryder answered the petition denying the allegations, and asserted that the cause of the accident was the negligence of plaintiff. Ryder also brought a Third Party Demand against Sentry Insurance Company (“Sentry”) which issued a commercial general liability policy to National Beverage Corporation. Ryder alleged that Big Shot Beverage, Inc./Winnsboro Beverage Packers, Inc./National Beverage Corporation/Shasta Beverages, Inc. are related/associated corporations. Ryder alleged that it was an additional insured on this policy with respect to all vehicles leased to Sentry’s insured. Ryder also alleged that at the time of the accident, there was a Truck Lease and Service Agreement (“TLSA”) for the subject vehicle between Ryder and Shasta Beverages, Inc. in which Shasta agreed to defend and indemnify Ryder for any claims made against it.
 

 Sentry refused to provide Ryder with a defense or indemnity, on the basis that plaintiffs product liability claims are excluded from coverage under the policy. Sentry further alleged that Ryder failed to-produce a signed contract wherein Sentry agreed to defend and indemnify Ryder.
 

 Thereafter, Ryder moved for summary judgment on the issue of whether Sentry Insurance owes a defense and indemnification to Ryder based on plaintiffs allegations in its petition. Sentry Insurance opposed the motion and also brought a Cross Motion for Summary Judgment on this issue.
 

 This matter was heard by the trial court on August 5, 2010, and the court rendered judgment granting summary judgment and ordering that Sentry Insurance Company provide Ryder Truck Rental, Inc. with defense 14and indemnification regarding the underlying claims of plaintiff Michael Bennett. The trial court denied Sentry’s cross-motion on the same issue. The trial court also stated that this is a final judgment. Sentry now appeals from this judgment on the basis of two assignments of error.
 

 Sentry first contends that the trial court erred in ruling that Ryder was an additional insured under the policy Sentry issued to National Beverage Corporation. Sentry also contends that the trial court erred in failing to apply the workers’ compensation exclusion in the subject policy.
 

 A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). The summary judgment procedure is favored in Louisiana and is designed to secure the just, speedy, and inexpensive determination of actions. La.
 
 *1157
 
 C.C.P. art. 966(A)(2). Appellate courts review a judgment granting or denying a motion for summary judgment de novo.
 
 Bonin v. Westport Ins. Corp.,
 
 05-0886, p. 4 (La.5/17/06), 930 So.2d 906, 910. Thus, appellate courts must ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.
 
 Hood v. Cotter,
 
 08-0215 (La.12/2/08), 5 So.3d 819, 824.
 

 In support of its motion, Ryder submitted the Commercial Auto Declarations page of an insurance policy issued by Sentry to National Beverage Corporation as first named insured. The coverage period includes the date of plaintiffs accident. An additional named insured under the | .¡policy was Winnsboro Beverage Packers Inc., the predecessor corporation to Big Shot Beverage, Inc., plaintiffs employer. Ryder also submitted a copy of a document from the Louisiana Secretary of State, Commercial Division, indicating that Winnsboro Beverage Packers, Inc. changed its name to Big Shot Beverages, Inc. in March of 2003.
 

 The insurance policy in the record also contains a Blanket Additional Insured Endorsement which provides in part as follows:
 

 It is agreed that the policy shall include as an insured any person, organization, state or other political subdivision, trustee or estate for whom a named insured is obligated by virtue of a written contract or agreement to provide insurance of the type afforded by this policy.
 

 In order to meet its burden of proving that Big Shot was obligated by contract to provide Ryder with liability insurance, Ryder also submitted a copy of a “Ryder Truck Rental Truck Lease and Service Agreement,” referred to in the record as “TLSA.” This agreement was executed on January 7, 1998 between Ryder and the Customer, Shasta Beverages, Inc. In this agreement, Ryder required Customer to maintain automobile liability insurance covering both Ryder and Customer as insureds. Ryder agreed to file evidence of automobile liability insurance with governmental authorities. However, the agreement also provided that:
 

 Customer agrees to indemnify, defend and hold harmless from all claims, causes of action, suits and damages arising out of filing such documents for vehicles ...
 

 According to the agreement, the lease specifically covered vehicles listed on a document attached to the TLSA. The document, entitled “Schedule A” was dated May 26, 1998 and stated it applied to the agreement between Ryder Truck Rental, Inc. and Big Shot Beverage, Inc. There is no |Bdispute that the vehicle operated by plaintiff on the day of the accident was listed on and included in this document.
 

 Ryder also submitted an affidavit from one of its employees, Trip Janney, who stated that the date on Schedule A attached to the January 7, 1998 TLSA contained a typographical error. It should have been dated January 7, 1998 rather than May 26,1998.
 

 In its opposition to Ryder’s motion, Sentry submitted a copy of its entire commercial general liability policy listing National Beverage Corporation as well as Shasta Beverages Inc. and Winnsboro Beverage Packers Inc. as named insureds.
 

 A review of the documentation in the record in this case indicates that Ryder entered into an agreement with Shasta Beverages, Inc. on January 7, 1998 to provide vehicles. This agreement obligated Shasta to maintain automobile liability insurance covering both Ryder and Shasta as insureds for the ownership, mainte-
 
 *1158
 
 nanee, and operation of certain vehicles listed on an attachment to the agreement, “Schedule A.” This attachment lists as covered the vehicle being operated by plaintiff on the date of the accident. Although “Schedule A” bears a different date than the primary agreement, evidence in the record indicates this was a typographical error and that the “Schedule A” attached to the agreement should have borne the same date, January 7, 1998. Sentry did not submit countervailing evidence regarding the existence of the agreement or the attachments thereto.
 

 Sentry argues on appeal that the trial court erred in granting summary judgment in this case as Ryder was not listed as an insured on the policy issued to National Beverage Corporation and its subsidiaries. Sentry contends that the policy’s blanket additional insured endorsement does not |7apply because the written agreement (the “TLSA”) submitted by Ryder does not make Ryder an additional insured.
 

 The insurer’s duty to defend suits brought against its insured is determined by the allegations of the plaintiffs petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage.
 
 Elliott v. Continental Cas. Co.,
 
 06-1505, p. 5 (La.2/22/07), 949 So.2d 1247, 1250. Accordingly, the insurer’s obligation to defend suits against its insured is generally broader than its obligation to provide coverage for damage claims.
 
 Id.
 
 If, assuming all of the allegations of the petition to be true, there would be both coverage under the policy and liability of the insured to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit.
 
 Elliott,
 
 06-1505 at p. 5, 949 So.2d at 1250. Thus, unlike an indemnity agreement, an insured’s duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy.
 
 Alwell v. Meadowcrest Hosp., Inc.,
 
 07-376 (La.App. 5 Cir. 10/30/07), 971 So.2d 411, 414.
 

 The insurance policy in this case contains a blanket additional insured endorsement which provides that the policy will include as an insured an organization that has a written agreement with a named insured to provide coverage. The policy also provided that National Beverage Corporation, Shasta, and the predecessor corporation of Big Shot Beverages, Inc. are all named insureds.
 

 The record also shows that at all pertinent times hereto, a written agreement existed between Shasta and Big Shot Beverages and Ryder by which Ryder was to be maintained as an insured on the policy. Although there is a discrepancy between the dates on the agreement and on the | ¡^attachments thereto, we fail to find that this invalidates the agreement to list Ryder as an insured. We find that the affidavit submitted by Ryder is sufficient to explain the discrepancy.
 

 In addition, the agreement clearly provides that Big Shot Beverages, Inc.,
 
 [2]
 
 as Ryder’s customer, agreed to provide a defense and indemnification to Ryder for any claims brought against it. Accordingly, we find that Ryder met its burden of proof on its motion for summary judgment that it is entitled to a defense and indemnification pursuant to the agreement for the claims filed against Ryder by Bennett. We also note, however, that the agreement does not require indemnification in the event of a determination of Ryder’s own negligence.
 

 
 *1159
 
 Sentry next argues that the trial court erred in failing to apply the workers’ compensation exclusion contained in the policy. The accident sustained by plaintiff was clearly work-related. Sentry contends that plaintiff had been paid workers’ compensation benefits based on a separate policy issued by Sentry to plaintiff’s employer, Big Shot Beverages, Inc.
 

 In support of its argument, Sentry cites to
 
 Quick v. Ronald Adams Contractor, Inc.,
 
 03-751 (La.App. 5 Cir. 11/25/03), 861 So.2d 278, in which a panel of this Court upheld the application of workers’ compensation exclusion. In that case, an injured employee sued his employer in tort after having obtained workers’ compensation benefits. At the time of the injury, the employer held both a workers’ compensation policy and a general liability policy issued by the same insurer, and the liability policy contained a workers’ compensation exclusion. This Court determined that there could 19be no coverage under the liability policy because the injury was sustained in the course and scope of his employment. However, this Court found that the insurer nevertheless had a duty to defend plaintiffs employer.
 

 In the present ease, Bennett made a claim against his employer for workers’ compensation benefits, but filed the tort suit against a third-party defendant. This Court’s decision in
 
 Quick
 
 is therefore distinguishable, although we note that a duty to defend was found even under the facts of that case.
 

 La. R.S. 23:1101 governs suits against third persons by employees and employers and provides in pertinent part:
 

 When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as “third person”) other than those persons against whom the said employee’s rights and remedies are limited in R.S. 23:1032, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
 

 Pursuant to Louisiana law, an injured plaintiff may proceed to recover damages in a tort action against a tortfeasor and still maintain a workers’ compensation action against his employer. La. C.C. Art. 2315;
 
 Jones v. LeDay,
 
 373 So.2d 787, 789 (La.App. 3 Cir.1979). The fact that the injured person is an employee of another does not affect the duties and obligations linof a third person who through his own fault injures another to respond to the injuries of that person in damages.
 

 Plaintiff filed the present tort suit against a third party, Ryder, and this suit therefore does not fall within the exclusivity of the workers’ compensation statute nor is coverage under Sentry’s policy excluded based on the fact that this was a work-related accident. As stated in this Court’s opinion in
 
 Quick,
 
 the insurer’s obligation to defend suits against its insured is broader than its liability for damage claims. The insurer is obligated to pay the insured’s expenses in defending an action, where the pleadings allege coverage, even though in fact there is no coverage.
 
 American Home Assurance Company v.
 
 
 *1160
 

 Czarniecki,
 
 255 La. 251, 230 So.2d 253 (La.1969).
 

 After a review of the record in this case and all applicable law, we find no error in the trial court’s judgment finding that Sentry is obligated as a matter of law to defend Ryder in the tort suit filed by Bennett. The issue of indemnity will be determined once the merits of Bennett’s claims are determined. In any event, we find that Ryder has met its burden of proving it is an insured under the Sentry insurance contract by virtue of an agreement between Ryder and Sentry’s named insured. Further, we find that the workers’ compensation exclusion in the policy does not apply to the third-party tort claims asserted by plaintiff in this action. For these reasons, the judgment of the trial court is affirmed. Sentry Insurance Company shall bear all costs of this appeal.
 

 AFFIRMED
 

 [1]
 

 . Defendant initially brought an exception of prescription which was granted by the trial court. However, on appeal of this ruling, a panel of this Court reversed, finding that the pleading had been timely filed by facsimile to the Clerk’s office on July 24, 2004.
 

 [2]
 

 . Although the January 7, 1998 lease agreement lists the corporate name of Shasta as Ryder’s customer, Schedule A lists the customer as Big Shot Beverages, Inc. and these corporations were related and were listed in the Sentry policy as named insureds.